W. Willard WIRTZ, Secretary of Labor, United States Department of Labor, Appellant,

v.

HOOPER–HOLMES BUREAU, INC. and William R. McBroome, Appellees.

No. 20368.

United States Court of Appeals Fifth Circuit.

Feb. 7, 1964.

Bessie Margolin, Assoc. Sol., Jacob I. Karro, Deputy Assoc. Sol., Charles Donahue, Sol. of Labor, Jack H. Weiner, Atty., U. S. Dept. of Labor, Washington, D. C., Beverley R. Worrell, Regional Atty., for appellant.

Charles L. Gowen, Atlanta, Ga., William L. O'Conor, Jr., New York City, William K. Meadow, King & Spalding, Atlanta, Ga., King & O'Conor, New York City, for appellees.

Before CAMERON, WISDOM and GEWIN, Circuit Judges.

GEWIN, Circuit Judge.

This is an appeal from an order of dismissal of a complaint filed by the Secretary of Labor seeking to enjoin alleged violations of the Fair Labor Standards Act. The dismissal was ordered after the Secretary refused to comply with an order of the Court requiring him to furnish to the defendant, at least ten days prior to trial, a list of the witnesses that the Secretary would call or would have available at the trial.

Rule 10(c) of the Local Rules of the Northern District of Georgia require that counsel for the parties meet in a pre-trial conference at least 15 days prior to the pre-trial hearing and further, that plaintiff's counsel file a proposed pre-trial order within 10 days after the pre-trial conference, which proposed order shall cover "all matters referred to in this Local Rule of Court, the appendix attached thereto, and as further ordered by the Court." The portion of said appendix pertinent to this case reads as follows:

"In the absence of reasonable notice to opposing counsel to the contrary, plaintiff will call or will have available at the trial the witnesses whose names appear on Exhibit 'K' attached hereto (the general subject matter of the testimony of each witness also being given)."

The Secretary filed a proposed pre-trial order which complied with all the requirements of the local rules except that instead of furnishing a list of witnesses that he would either have available, or call at the trial, the Secretary furnished a list of persons believed to have knowledge of the facts. At the same time, the

Secretary filed "Objections to Furnishing Witness List" and a "Formal Claim of Privilege and Confidentiality". The court then entered an order stating:

"The Court will not require the plaintiff to give the names of any informers, but the plaintiff is required to comply with the rules of this Court pertaining to pre-trials and trials and is ordered to furnish a list to opposing counsel of the witnesses that he will call or will have available at the trial, together with the general subject matter of the testimony of each witness. Such list of witnesses shall also be filed as an exhibit to the pre-trial order."

In a later order the court stated:

"The Secretary urges that by producing a list of witnesses it would, in effect, be revealing the identity of certain informers. Accordingly, the Secretary made a formal claim of privilege.

"Conceding that the Secretary may avail himself of the privilege to refuse to disclose the identity of an informer it must be noted that such a privilege is however, completely distinguishable from the local rule requiring a party to list the witnesses it will have available at the trial. It has been the practice of this Court for some time to require each party to attach a list of witnesses that will be available at the trial to the Proposed Final Pre-Trial Order, Rule 16(6), Federal Rules of Civil Procedure, 28 U.S.C.A.; Local Rule 10(d), (g)."

\*   \*   \*   \*   \*   \*

"The essential purposes of these rules is to promote fairness by eliminating the 'sporting' disadvantage attendant upon the production of an unfamiliar witness. It may be, as the Secretary urges, that some of the witnesses produced will be informers, but this fact does not detract from the eventuality that their identities will certainly be revealed upon the trial—a choice ultimately made by the Secretary or his agents. Therefore, it is not unreasonable to require their disclosure ten days before the trial by completing the Pre-Trial Order, Exhibit 'K'." [1]

The Secretary however still refused to submit the list of witnesses and the court dismissed the complaint.

On this appeal we are called upon to determine whether the rule which requires the parties to furnish a list of the witnesses which each will call or have available at the trial is improper and unlawful; [2] and if such a rule is proper and authorized, should the Secretary of Labor be exempted from compliance with it in a suit brought under the Fair Labor Standards Act. The Secretary contends: (1) the District Court had no authority to enter the order of dismissal for failure to comply with the rule; and (2) even if the rule is authorized and lawful, the

---

1. The following statement is attributed to Mr. Justice Brennan:

   " \*   \*   \* The public is fed up with systems under which neither side of lawsuit knows until the actual day of trial what the other side will spring in the way of witnesses or facts. The technique of playing the cards close to the vest and hoping by surprise or maneuver at the trial to carry the day, whether or not right and justice lies on the side of one's client, won't be tolerated. It was and is great sport, but hardly defensible as a system for determining causes according to truth and right. In pretrial procedure, made effective through a precedent broad discovery practice, lies the best answer yet devised for destroying surprise and maneuver as twin allies of the sporting theory of justice." Package Mach. Co. v. Hayssen Mfg. Co., 164 F.Supp. 904, 910 (E.D.Wis.1958), aff'd, 266 F.2d 56 (7th Cir. 1959), quoting Mr. Justice Brennan's address to the American College of Trial Lawyers April, 1958.

2. The rule provides for reasonable notice to opposing counsel in circumstances in which there cannot be compliance with the rule due to the absence of witnesses or the discovery of witnesses not listed. In any event, the enforcement of the rule and relaxation of its specific requirements are matters to be decided within the discretion of the trial court.

same should not be applied in an action to enforce the wage and hour requirements of the Fair Labor Standards Act, because to do so would subject the Secretary's witnesses to improper pressures by the employer. We agree with the trial court and affirm the judgment.

We look first to the U. S. Code, Title 28 U.S.C.A. § 2071 provides:

"The Supreme Court and all courts established by Act of Congress may from time to time prescribe rules for the conduct of their business. Such rules shall be consistent with Acts of Congress and rules of practice and procedure prescribed by the Supreme Court. June 25, 1948, c. 646, 62 Stat. 961; May 24, 1949, c. 139, § 102, 63 Stat. 104."

Next, Rule 83 of the Federal Rules of Civil Procedure provides:

"Each district court by action of a majority of the judges thereof may from time to time make and amend rules governing its practice not inconsistent with these rules. Copies of rules and amendments so made by any district court shall upon their promulgation be furnished to the Supreme Court of the United States. In all cases not provided for by rule, the district courts may regulate their practice in any manner not inconsistent with these rules."

Finally, Rule 16 of the Federal Rules of Civil Procedure provides in part:

"In any action, the court may in its discretion direct the attorneys for the parties to appear before it for a conference to consider

* * * * * *

"(6) Such other matters as may aid in the disposition of the action."

The power of courts to make such a rule has been widely discussed by text writers, lecturers at seminars and members of various committees on federal procedure. The subject has not received consideration in numerous appellate opinions, perhaps for the reason stated by Professor Charles Allen Wright that, "Though there is little occasion for the practice to be mirrored in reported cases, it apparently is used frequently and properly." [3] Similar rules have been promulgated and extensively used. See 29 F.R. D. 259, 285, 382 & 411; Mitchell v. Johnson, 5 Cir. 1960, 274 F.2d 394, 398, footnotes 11 & 14. In September of 1961, the Judicial Conference of the United States authorized its Committee on Pre-Trial Procedure to conduct a series of seminars for newly appointed district judges for the purpose of acquainting them with the problems arising in the operation of their courts. Seminars were held in several places throughout the country and the discussions at such seminars have been published. Such discussions reveal the wide-spread use and application of rules similar to the one under consideration. See "Proceedings of the Seminars for Newly Appointed United States District Judges" (West 1961). In its report of 1955, the Committee of the Supreme Court on Federal Rules, in considering a possible amendment to Rule 16 with respect to the authority to promulgate and enforce such a rule, concluded as follows:

"The Committee is of the opinion that in many cases this practice is properly and wisely followed, but that this is a matter requiring decision according to the circumstances of each case. Since the power exists and is being exercised, the Committee has concluded that no amend-

---

3. See Federal Practice & Procedure, Barron & Holtzoff (Wright rev. 1960) Vol. 1A, § 472, p. 841
   "It would seem that this power is one which can be helpful in particular cases where a party, by learning whether his opponent intends to call a particular witness, can determine whether to go to trouble and expense preparing to cross-examine that witness. Though there is little occasion for the practice to be mirrored in reported cases, it apparently is used frequently and properly."

ment is required." 3 Moore Fed. Practice (2d Ed.1958) ¶16.01(4)

The Secretary relies heavily on Miner v. Atlass, 363 U.S. 641, 80 S.Ct. 1300, 4 L.Ed.2d 1462, but we do not consider that case in point for the reason that the Supreme Court was there dealing with *discovery procedure* in Admiralty cases. A number of other cases are cited by the Secretary, but the leading ones deal with the disclosure of the names of witnesses *by discovery*. Professor Wright points out the distinction in the following language:

> "It is generally held that a party is not entitled to find out, *by discovery*, which witnesses his opponent intends to call at the trial, although the court may require disclosure of this information at a *pre-trial conference*." (emphasis added) Federal Courts, Charles Allen Wright, (Hornbook Series 1963) p. 310.

There is a substantial difference in a rule requiring disclosure of the names and identity of witnesses during discovery and in one requiring such disclosure at pre-trial.

In Globe Cereal Mills v. Scrivener, 10 Cir. 1956, 240 F.2d 330, the court had under consideration the refusal of the trial court to permit a witness to testify because the name of the witness was not on the list of witnesses submitted by the parties without objection. The Court held:

> "The matter was within the discretion of the trial court and the record discloses no abuse of that discretion or manifest injustice."

This Circuit has tacitly approved a similar rule in Mitchell v. Johnson, supra, and the Second Circuit tacitly approved such a rule in Padovani v. Bruchhausen, 2 Cir., 293 F.2d 546 (1961).[4] See also Hicks v. Bekins, 9th Cir. 1940, 115 F.2d 406; Dowling v. Isthmian SS Corp., 3rd Cir. 1950, 184 F.2d 758; MacNeil v.

Hearst Corp., D.Del.1958, 160 F.Supp. 157; Guilford Nat'l Bank of Greensboro v. Southern Rlwy. Co., M.D.N.C.1960, 24 F.R.D. 493.

The Secretary further contends that in this particular case the court should not require him to comply with the rule, even if the rule is determined to be valid. It is undoubtedly true that the authority of the district court in any given case is limited by the Federal Rules of Civil Procedure and applicable statutes in the making of local rules. It is also true that a district court may abuse its authority and discretion in the application and enforcement of local rules, which are otherwise valid. Local rules for the conduct of trial courts are desirable and necessary, and such rules should not be ignored or declared invalid except for impelling reasons. In this case the Secretary has failed to show any abuse of discretion or that injustice will result from an enforcement of the rule. It is apparent that the trial court gave proper consideration to the several requests of the Secretary. The names of informers were not ordered to be disclosed, the specific provisions of the rule were relaxed, and the order required the furnishing of the list only 10 days before the date set for trial. The rule does not require a disclosure of the names of witnesses at discovery. From aught that appears in the record no problem exists in the Northern District of Georgia arising from undue pressure by employers in the circumstances here present; or that the trial court could not effectively deal with such a problem, if presented. We conclude that the local rule under consideration and the order of the District Court requiring the Secretary to comply with the rule come within the inherent power of a trial court to prescribe rules for the conduct of the court's business.

The judgment is affirmed.

CAMERON, Circuit Judge, dissents.

4. The Second Circuit there stated:
"* * * We are not disposed, however, to rule that a court in a pre-trial conference may not inquire of counsel

as to his then plans as to the calling of witnesses, including the hiring of experts."