**UNITED STATES of America and The Honorable W. Willard Wirtz, Secretary of Labor of the United States, Petitioners,**

**v.**

**The Honorable Robert W. HEMPHILL, District Judge of the United States District Court for the District of South Carolina, Respondent.**

**C.L.C., Inc., a corporation, Southeastern Reconditioning Center, Inc., a corporation, Raymond McIver Clanton, and James Corbett Clanton, Jr., Intervenors.**

No. 11047.

United States Court of Appeals
Fourth Circuit.

Argued Nov. 23, 1966.

Decided Nov. 25, 1966.

David L. Rose, Atty., Dept. of Justice, (Barefoot Sanders, Asst. Atty. Gen., and Richard S. Salzman, Atty., Dept. of Justice, Terrell L. Glenn, U. S. Atty., Charles Donohue, Sol., Bessie Margolin, Associate Sol., and Beverly R. Worrell, Regional Atty., Dept. of Labor, on petition) for petitioners.

LeRoy M. Want, Darlington, S. C., and Alvin A. Coleman, Jr., Florence, S. C., (Kilgo & Want, Darlington, S. C., and Wright, Scott, Blackwell & Powers, Florence, S. C., on memorandum) for intervenors.

Before HAYNSWORTH, Chief Judge, and J. SPENCER BELL and CRAVEN, Circuit Judges.

HAYNSWORTH, Chief Judge:

The matter comes before this Court upon a Petition for a Writ of Mandamus or Prohibition to be directed to the Honorable Robert W. Hemphill, District Judge of the United States District Court for the District of South Carolina. It arises out of an order directed to the Secretary of Labor of the United States, requiring him to appear in person in the District Court to show cause why he should not be held in contempt for having refused, under a formal claim of privilege, to answer certain interrogatories in an enforcement proceeding under the Fair Labor Standards Act. We hold that the order requiring the Secretary to answer the interrogatories was improperly entered and that issuance of a writ of mandamus or prohibition is the only practical or adequate remedy.

The Honorable W. Willard Wirtz, Secretary of Labor of the United States, commenced a proceeding in the United States District Court for the District of South Carolina against C.L.C., Inc., Southeastern Reconditioning Center, Inc., Raymond McIver Clanton, and James Corbett Clanton, Jr., alleging that the defendants in that proceeding were paying some of their employees les, than the minimum wage and were not paying them overtime compensation. It sought injunctive and other relief.

In the pretrial discovery stage of the enforcement case, the employer defendants filed a number of interrogatories. The first three of those required that the plaintiff list those employees of the defendants who had given written statements to representatives of the Department of Labor, those employees of the defendants who had given oral statements to such representatives, and those employees who had given no oral or written statements to such representatives. The plaintiff filed an objection to those three interrogatories, supported by a formal claim of privilege. However, the plaintiff did supply the attorneys for the defendants with a list of all persons whom the plaintiff had reason to believe had information about the controversy. It has no objection to furnishing the names of all witnesses it proposes to use or to furnishing the defendants with the written statements obtained from any persons who are offered as witnesses.

The plaintiff's objections to the three interrogatories were overruled after a hearing in which the District Judge was obviously under the impression that the plaintiff was attempting to withhold relevant information, which, in fairness to the defendants, should be available to them in order to permit them to make adequate trial preparation. There was specific reference by the Court to withholding lists of witnesses.

In contrast, it became perfectly apparent at the hearing in this Court that the Secretary was making no such attempt, and, in fact, had furnished the defense with a list of all persons known by him to have information relevant to the issues in the case brought by the Secretary against the defendants. Pressed by the Court in oral argument, the attorney for the intervenors, with commendable frankness, acknowledged that he had all such information, that the name of any other informer would not be relevant, and that it would be useless to him in the preparation of his defense.

The Fair Labor Standards Act, itself, prohibits retribution against informants. 29 U.S.C.A. § 215 makes it unlawful for

any person to discharge or in any other manner to discriminate against any employee who has filed any complaint or instigated any proceeding, or who has testified or is about to testify in any proceeding for enforcement of the Act. That prohibition has not always been thought an entirely sufficient sanction, for retribution can be subtle and cunning and difficult to prove. It has long been the practice of the Administrator, therefore, to treat the complaints of informants as confidential and the identity of informants as privileged.

The qualified privilege of withholding the names and statements of informants has been repeatedly and consistently upheld by the Courts. This Court has done so,[1] and there has been a succession of such cases in the Fifth Circuit, the last of which was decided on October 31, 1966.[2]

The qualified privilege must give way shortly before and during the trial of an actual enforcement proceeding to the extent that fairness requires the Secretary to furnish lists of prospective witnesses and written statements obtained from them.[3] In that process, the fact that some witnesses were early informants may incidentally appear, but, as the Fifth Circuit clearly pointed out in the *Robinson & Stephens* case, the policy favoring anonymity of informants must give way when it conflicts with the countervailing policy favoring fair and orderly trials and pretrial procedures.

This was the concern of the District Judge. We share his conviction that when the United States, a cabinet official, or an agency of the United States comes into the Court as a plaintiff, they are subject to the same rules as private litigants, and the open disclosure which is now demanded of litigants in the federal courts, because of its fairness and its contribution to accuracy in the factfinding process, is equally demanded of such plaintiffs.

As indicated above, however, it is now clear that the plaintiff had furnished the defense with the answers to all of its relevant interrogatories, including the names of all witnesses believed by representatives of the Department to have information regarding the issues in controversy. The additional information sought by the three unanswered interrogatories, the names of informants who had no information about the issues framed by the pleadings, counsel for the intervenors conceded was clearly irrelevant and of no use to him in preparing to defend the case. It is equally true at this stage of the proceedings that a subdivision of the list of persons believed by the United States to possess information bearing upon those issues into separate lists of those who had made some pretrial complaint and those who had not is unnecessary to the preparation of the defense.

For these reasons, it now appears that the District Court acted under some misapprehension in expressing its concern for reciprocal fairness and the need for open exchange of lists of witnesses. Its order requiring the answers to the interrogatories is now clearly revealed as calling for irrelevant information wholly unnecessary to the defense in its preparation for trial. Under the circumstances, we conclude that the order overruling the plaintiff's objections to answering the interrogatories and its claimed privilege was improvident and clearly erroneous.

That conclusion simplifies the question of the appropriateness of the remedy sought by the petitioners.

The cases which we have cited above dealing with the qualified privilege of anonymity for informants came up on appeal from orders dismissing complaints

---

1. Wirtz v. B.A.C. Steel Products, Inc., 4 Cir., 312 F.2d 14.

2. Wirtz v. Robinson & Stephens, Inc., 5 Cir., 368 F.2d 114; Wirtz v. McDade, 5 Cir., 330 F.2d 610; Wirtz v. Continental Finance & Loan Co. of West End, 5 Cir., 326 F.2d 561.

3. Wirtz v. Hooper-Holmes Bureau, Inc., 5 Cir., 327 F.2d 939.

because of the plaintiff's failure to comply with pre-trial orders requiring the disclosure of such information. When the plaintiff refuses to comply with such an order, dismissal of his complaint is an appropriate remedy, and the order of dismissal is an appealable order, so that appellate review is readily available. Here the District Judge elected another alternative, and contempt citations are an available sanction for the enforcement of pre-trial orders. Though its use in this case creates potential problems under the separation of powers doctrine, the problem of appropriateness of mandamus arises from the fact that the contempt citation itself is not an appealable order.

Schlagenhauf v. Holder, U. S. District Judge, 379 U.S. 104, 85 S.Ct. 234, 13 L. Ed.2d 152, is the most recent affirmation of the Supreme Court of the appropriateness of the use of the writ of mandamus when there has been a usurpation of judicial power or a clear abuse of discretion. Such writs have been employed to prevent the enforcement of orders allowing excessive discovery [4] or the excessive and improper taking of depositions.[5]

To compel the Secretary to appear in the District Court in response to the order to show cause why he should not be held in contempt would not provide an adequate legal remedy. If he should appear and should be held in contempt, the order holding him in contempt would be an appealable order permitting appellate review in this Court. Meanwhile, however, the Secretary would have been subject to sanctions in the District Court, including possible imprisonment. Despite the comparative promptness with which orders for release on bail or stays may be obtained, that is hardly an appropriate or adequate means for obtaining appellate review of a pre-trial order of du-

bious validity, or one that was clearly erroneous as we hold this one to have been.

■ We do not adopt the suggestion that the Secretary of Labor, when he is the nominal plaintiff, enjoys any special immunity, though when the contempt citation is directed to him instead of to some subordinate in the Department of Labor who actually made the decision not to answer the interrogatories, some question may arise regarding the discretionary use of the judicial power to interfere with the high-level exercise of executive power. We hold instead that any litigant, private individual or public official, is entitled to a writ of mandamus to avoid an appearance to show cause why he should not be held in contempt of court when the underlying order of the Court is clearly erroneous and the refusal to comply with it has been both formal and respectful. In light of our holding that the order requiring that the interrogatories be answered was clearly erroneous, contempt proceedings in the District Court as a prerequisite to appellate review of the order would be such a hardship upon any litigant or witness [6] that resort to a petition for mandamus or prohibition ought to be permitted. We conclude that it is an appropriate remedy in this case.

■ The more restrictive approach of Bank Line v. United States, 2 Cir., 163 F.2d 133, does not commend itself to us. When a pretrial order is clearly erroneous, an appellate corrective ought to be available if compliance with the order would work a substantial and irreparable deprivation or if the only alternative is submission to a contempt order. The subsequent cases we have cited, decided with the benefit of greater experience

---

4. Hartley Pen Co. v. U.S. District Court, 9 Cir., 287 F.2d 324.

5. In re United States of America, 1 Cir., 348 F.2d 624; Madison-Lewis, Inc. v. McMahon, U.S. District Judge, 2 Cir., 299 F.2d 256; Atlass v. Miner, 7 Cir., 265

F.2d 312; International Products Corp. v. Koons, 2 Cir., 325 F.2d 403. Cf. Erie Bank v. U.S. District Court, 10 Cir., 362 F.2d 539.

6. Peterson v. Superior Court, 67 Wash. 370, 121 P. 836.

with pre-trial procedures, support our view.[7]

A writ of prohibition or mandamus will issue in accordance with the prayer of the petition.

---

**7.** Of course, if the order is within the range of the discretion vested in the District Judge, it is not reviewable on a petition for a writ of mandamus. Chemical and Industrial Corp. v. Druffle, 6 Cir., 301 F. 2d 126.