Minnie M. CEDOLIA, Plaintiff,

v.

C. S. HILL SAW MILLS, INC., and Howard R. Trotter, Defendants and Third-Party Plaintiffs,

v.

C. W. JOHNSON, Third-Party Defendant.

No. C-128-G-66.

United States District Court
M. D. North Carolina,
Greensboro Division.

March 9, 1967.

Arch K. Schoch, Jr., Schoch & Schoch, High Point, N. C., for plaintiff.

Stephen P. Millikin, Greensboro, N. C., for defendant.

Ralph M. Stockton, Jr., Winston-Salem, N. C., Perry C. Henson, Greensboro, N. C., for third-party defendant.

## MEMORANDUM AND ORDER

EDWIN M. STANLEY, Chief Judge.

This matter is before the Court (1) on the motion of the plaintiff "set aside the application of Local Rule 22(j) (6)" in this case, and (2) objections of the plaintiff to certain interrogatories served by the defendants.

The plaintiff instituted this action on July 6, 1966, seeking to recover damages against the defendants by reason of injuries sustained in an automobile accident on June 6, 1965, in Forsyth County, North Carolina. The plaintiff is a citizen and resident of Ontario, Canada, the corporate defendant is a North Carolina corporation with its principal office and place of business in Randolph County, North Carolina, and the individual defendant is a citizen and resident of Guilford County, North Carolina. Jurisdiction of this court is invoked by reason of diversity of citizenship and the amount in controversy.

On August 17, 1966, the defendants filed answer denying negligence and asserting a claim for contribution against the third party defendant.

On January 31, 1967, the plaintiff filed a written motion to set aside the application of Local Rule 22(j) (6) in this case for the reasons that (1) the Court is without power to promulgate such a rule, and (2) the names of all the plaintiff's witnesses, with the exception of the plaintiff herself and the other occupants of the car in which she was riding, were discovered by, and are the work product of, her attorney.

Local Rule 22 relates to pre-trial and discovery in civil cases. Local Rule 22 (j) requires counsel for the parties, at least fifteen days prior to the final pre-trial conference, to prepare a final pre-trial order. Local Rule 22(j) (6) requires the final pre-trial order to contain a list of the names and addresses of all witnesses then known who may be offered at the trial, together with a brief statement of what counsel proposes to establish by the testimony of each witness. Provision is made for the disclosure of the names of additional witnesses discovered after the final pre-trial conference. It is also provided that the court may, in its discretion, and in the interest of justice, permit a party to call and examine a witness not listed by either party in those instances where, during the course of a trial, it becomes necessary to impeach or rebut the testimony of a listed witness, or to meet unexpected developments at the trial.

On February 1, 1967, the plaintiff filed written objections to defendants' Interrogatories 47, 52, and 55. Interrogatory 47 is as follows:

"What are the full names and last known addresses of every witness known to you or to your attorneys who has any knowledge regarding the facts and circumstances surrounding the happening of the accident referred to in the complaint, or your alleged injuries, including, but not being limited to, eye witnesses to such event, as well as medical witnesses and other persons having knowledge thereof?"

Interrogatory 52 is as follows:

"Have you or your attorneys or anyone acting on your behalf or in their behalf obtained statements in any

form from any persons regarding any of the events or happenings that occurred at the scene of the accident referred to in the complaint, either immediately before, at the time of the accident, or following said accident? If so:

 (a) What are the names and addresses of the persons from whom any such statements were taken?

 (b) What are the dates on which such statements were taken?

 (c) What are the names and addresses of the persons and the employers of such persons who took such statements?

 (d) What are the names and addresses of the persons having custody of any such statements?

 (e) State whether such statements were written, were taken by recording device, by a court reporter, or by a stenographer."

Interrogatory 55 is as follows:

"Do you or your attorneys or anyone acting on your behalf or on their behalf have or know of any photographs, motion pictures, maps, drawings, diagrams, measurements, surveys, or other descriptions concerning the events and happenings referred to in the complaint, the scene of the accident, or the areas or persons or vehicles involved, made either before, after, or at the time of the events in question, including any photographs made of the plaintiff at any time since the accident referred to in the complaint? If so, as to each such item:

 (a) What is its nature?

 (b) What is its specific subject matter?

 (c) On what date was it made or taken?

 (d) What is the name and last known address of the person making or taking it?

 (e) What does each such item purport to show, to illustrate or represent?

 (f) What are the names and addresses of the persons having custody of any such item?"

Plaintiff objects to Interrogatories 47 and 52 on the grounds that the names and addresses of her witnesses, except for the plaintiff herself and the other occupants of the car in which she was a passenger, were discovered by her attorney, and statements made by any witnesses were taken by, and are the work product of, her attorney. The objection to Interrogatory 55 is on the ground that the entire investigation of the accident was conducted by her attorney, and is thus protected from disclosure.

The plaintiff's motion and objections to interrogatories are without merit. They are both based on the erroneous premise that a Federal district court is powerless to promulgate rules, not inconsistent with the Federal Rules of Civil Procedure, governing the orderly conduct of its business, and the false notion that a party may refuse to supply information on the ground that the information sought is solely within the knowledge of counsel.

 There can be no question that district courts are empowered to promulgate rules regulating their practice, subject only to the limitation that such rules may not be inconsistent with the Federal Rules. Rule 83, Federal Rules of Civil Procedure. There is nothing in Local Rule 22(j) (6) which is inconsistent with Rule 16 of the Federal Rules of Civil Procedure. In the recent case of Wirtz v. Hooper-Homes Bureau, Inc., 5 Cir., 327 F.2d 939 (1964), a judgment of the district court dismissing an action for failure of the defendant, at least ten days prior to trial, to furnish a list of witnesses which would be called at the trial, was affirmed. This decision was cited with approval by Chief Judge Haynsworth in United States v. Hemphill, 4 Cir., 369 F.2d 539 (1966). In view

of these decisions, the authority of this Court to promulgate and enforce Local Rule 22(j) (6) can no longer be questioned, and further discussion is unnecessary.

The "work product" rule enunciated in Hickman v. Taylor, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451 (1947) is of no help to plaintiff. We are not here concerned with memoranda, correspondence, mental impressions, and personal beliefs of counsel, only the effort of the defendant to require the disclosure of true facts. Hickman v. Taylor specifically holds that "either party may compel the other to disgorge whatever facts he has in his possession," and that "[a] party clearly cannot refuse to answer interrogatories on the ground that the information sought is solely within the knowledge of his attorney."

It should be borne in mind that the defendants are not at this time seeking copies of the statements referred to in Interrogatory 52, or copies of the photographs, pictures, maps, drawings, surveys, etc., referred to in Interrogatory 55, but only information concerning their existence. The information sought by these interrogatories, and by Interrogatory 47, is specifically sanctioned by Rule 26(b) of the Federal Rules of Civil Procedure.

It is concluded that the plaintiff has shown no valid reason as to why she should be excused from fully complying with Local Rule 22, including Local Rule 22(j) (6), and that her objections to Interrogatories 47, 52 and 55 are baseless. Consequently, it is

Ordered that the motion of the plaintiff to "set aside the application of Local Rule 22(j) (6) in this case," be, and same hereby is, denied.

It is further ordered that the objections of the plaintiff to Interrogatories 47, 52 and 55 be, and same hereby are overruled, and that plaintiff file full and complete answers to said interrogatories within fifteen days from the date hereof.