Peter J. BRENNAN, Secretary of Labor, United States Department of Labor, Appellant,

v.

ENGINEERED PRODUCTS, INC., a corporation, Appellee.

No. 74–1212.

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 13, 1974.

Decided Nov. 12, 1974.

Darryl J. Anderson and Jacob I. Karro, Attys., Dept. of Labor, Washington, D. C., for appellant.

Francis A. Casserly, Clayton, Mo., for appellee.

Before MATTHES, Senior Circuit Judge, and HEANEY and STEPHENSON, Circuit Judges.

HEANEY, Circuit Judge.

The Secretary of Labor brought this action under § 17 of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq., seeking to enjoin the defendant from violating the equal pay provisions of the Act. The defendant served a deposition subpoena and written interrogatories on the Secretary, requesting the Secretary to produce investigative reports and notes made by Department of Labor compliance officers, to reveal the identities of persons who had been interviewed concerning the alleged violations, and to produce any written statements obtained from such persons. The Secretary refused to disclose the identities of persons who had given information to the Department, or to turn over their statements, interposing a formal claim of privilege and confidentiality. He filed a motion for a protective order, claiming that the information sought was privileged and that the defendant had failed to make the required showing of need and inability to obtain the information by independent means. Fed.R. Civ.P. 26(b)(3). He did, however, agree to provide the defendant with all information in his possession which would not reveal the identities of his "informers."

The District Court ordered the Secretary to produce the documents requested in the subpoena, but narrowed the scope of the discovery by providing that the Secretary could delete from his response:

> * * * (1) any facts or matters as to which said employee or other person will not testify at the time of this cause; and (2) the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of plaintiff concerning the litigation * * *.

Although the wording of this proviso could be clearer, its effect was to compel the Secretary to decide who his witnesses would be, and to turn over to the defendant those portions of statements in his possession which would be testified to at trial. The order was entered on December 3, 1973, and the trial was simultaneously reset for February 25, 1974. An order requiring the Secretary to answer the interrogatories, containing a similar provision for deletion, was entered on January 21, 1974.

The Secretary failed to fully comply with the orders,[1] and the court dismissed the action with prejudice. The Secretary appeals that dismissal. We vacate the order dismissing the action and remand the case for further proceedings.

■ There is a privilege in FLSA enforcement actions which permits the Secretary to withhold the names of people who have given statements as well as the statements themselves. *See*, Mitchell v. Bass, 252 F.2d 513, 516–517 (8th Cir. 1958) (dictum); Hodgson v. Charles Martin Inspectors of Petroleum, Inc., 459 F.2d 303, 305 (5th Cir. 1972); United States v. Hemphill, 369 F.2d 539, 542 (4th Cir. 1966); Mitchell v. Roma, 265 F.2d 633, 635 (3rd Cir. 1959). Although the privilege is frequently referred to as an "informer's privilege," that is a reference which we do not favor. The persons to be protected by the privilege are employees with legitimate complaints, exercising their constitutional and statutory right to present their grievances to the government. They are not the paid undercover agents, often operating on the fringes of criminality, who we frequently associate with the word "informer."

The rationale behind the privilege is that enforcement of the Act is highly dependent on the cooperation of, and statements given by, employees. *See*, United States v. Julius Doochin Enterprises, Inc., 370 F.Supp. 942, 944 (M.D. Tenn.1973). That cooperation may not be forthcoming unless the government can assure confidentiality:

> * * * The average employee involved in this type of action is keenly aware of his dependence upon his employer's good will, not only to hold his job but also for the necessary job references essential to employment elsewhere. Only by preserving their anonymity can the government obtain the information necessary to implement the law properly. * * *

Writz v. B. A. C. Steel Products, Inc., 312 F.2d 14, 16 (5th Cir. 1962).

■ All agree that the privilege is a qualified one, and that it must give way when the defendant's need for the information outweighs the government's interest in protecting the source and in gathering the information. At the discovery stage of litigation of this type, it is usually held that a defendant who has made no greater showing of need than that made here, has made an insufficient showing to outweigh the government privilege. Consequently, the names of those who have given statements, the statements themselves, or both, are withheld. *See, e. g.*, Hodgson

---

1. The Secretary attempted to contact all persons who had given statements, seeking their permission to release them. Of the persons contacted, five consented to the disclosure, and those five statements were turned over to the defendant. The statements of others, who did not consent or who could not be reached, were not produced, nor were the names of persons, other than the five, who had been interviewed in preparation for the case.

v. Charles Martin Inspectors of Petroleum, Inc., *supra* 359 F.2d at 306–307; United States v. Hemphill, *supra* 369 F. 2d at 542; Mitchell v. Roma, *supra* 265 F.2d at 636. *But see*, Wirtz v. Rosenthal, 388 F.2d 290 (9th Cir. 1968). As originally framed, therefore, the defendant's interrogatories and subpoena were too broad, and defendant conceded that at oral argument. We turn, then, to the actual orders which led to the dismissal.

■ We believe that the District Court orders as framed were erroneous, because the defendant had not made a sufficient showing of need for the material so far in advance of trial, and because we are not convinced that the court took adequate notice of the difference between the discovery and immediate pretrial stages.[2] The defendant had a right to know the charges, dates, names of the underpaid employees, and names of those persons known to the plaintiff who had information concerning the issues. It had received all of this information.[3] In our view, in this particular case, the government's interest in confidentiality outweighed the defendant's need for the statements of proposed government witnesses, at least at the discovery stage.

The discoverability of the employee statements is governed by Rule 26(b)(3), because those statements are documents "prepared in anticipation of litigation or for trial." That rule provides that discovery may be compelled * * * only upon a showing that the party seeking discovery has substantial need for the materials in the preparation of his case and that he is unable without undue hardship to obtain the substantial equivalent of the materials by other means. * * *

■ Here, we are not convinced that the defendant had adequately established his "substantial need" for the requested information, at the time production was ordered. We recognize that the trial court has wide discretion in determining the existence of what used to be referred to under the old rules as "good cause." *See,* Mitchell v. Bass, *supra* 252 F.2d at 518–519. But the record contains little from which to conclude that the defendant has "substantial need" for the information at such an early point in the litigation. The affidavit of defendant's Vice President, R. C. Shirtum, contained only vague assertions that the requested information would "expedite" the case, "facilitate the production of proof," "narrow the issues," and "reduce the evidence." The contested issues as to wage rates were peculiarly within the defendant's own knowledge, and it appears that the primary use of the requested statements would be for impeachment purposes on the crucial issue of whether or not the work performed

---

2. It is settled law that a party in a civil action can ordinarily discover from his opponent the names of those persons known to have information relevant to the lawsuit. From the beginning, the Secretary produced such a list. It is equally settled that discovery is not ordinarily the proper stage in litigation to compel from an opponent the names of his prospective *witnesses*. *See,* 8 Wright & Miller, Federal Practice and Procedure § 2013 at 106–107 (1970). *See also,* Wirtz v. Continental Finance & Loan Co. of West End, 326 F.2d 561, 564 (5th Cir. 1964); Wirtz v. Hooper-Holmes Bureau .Inc., 327 F.2d 939, 942–943 (5th Cir. 1964) (dictum); Wirtz v. B. A. C. Steel Products, Inc., 312 F.2d 14, 16 (5th Cir. 1962).

Since the period between the order to produce and the trial date was almost three months, we view it as a discovery and not an immediate pretrial order. We do not say that a District Court may never compel compilation or production of witness lists at the discovery stage. But we do note that it is rare for a trial court to do so, and the infrequency of such an order should be borne in mind when assessing the propriety of the discovery order here.

3. Admittedly, the list of knowledgeable persons supplied by the government was a fairly long one, including the names of seventeen female injection machine molders and two males who allegedly performed the same job at a higher wage. But, on the key issue of the nature of the work performed by the males, the employer had full knowledge of the facts. Moreover, he could have interviewed or deposed the nineteen molders, as well as any other employees who supervised or observed their work. Additionally, the defendant could have deposed or interviewed the five employees whose statements had been released.

**304**

by males and females under the same job title was identical. Access for impeachment purposes should be handled at the pretrial stage. *See,* Hodgson v. Charles Martin Inspectors of Petroleum, Inc., *supra* 459 F.2d at 307.

The wisdom of leaving such decisions to pretrial is reinforced by the second showing which the movant must make in order to effect discovery under Rule 26(b)(3): that he is "unable without undue hardship to obtain the substantial equivalent of the materials by other means." The employer has expressed a fear that the employees will not testify truthfully about the differences in the work performed by males and females. Yet, he made no effort prior to his discovery motion to obtain statements on his own or depose any of his own employees. If he had taken statements and depositions on his own, he may have discovered that his fear was an imaginary one, and that no conflict exists as to the work performed. If, on the contrary, a strong conflict appeared, his need for discovery of prior impeaching statements would be more manifest to the trial court.

On remand, the trial court will be faced with the issue of the disclosure required at the pretrial stage. The defendant contends that, even if he fails at the discovery stage, he will surely have the right at the pretrial stage to the names of the prospective witnesses and their statements. On the issue of the witness lists, the government states that it will comply with an order to turn over the names of prospective witnesses. *See,* Wirtz v. Hooper-Holmes Bureau, Inc., 327 F.2d 939 (5th Cir. 1964). We agree with *Hooper-Holmes* that a court, in its discretion, may require disclosure of the names of prospective witnesses at a reasonable time before trial. *See also,* United States v. Hemphill, *supra* 369 F. 2d at 542 (dictum); United States v. Julius Doochin Enterprises, Inc., *supra;* Shultz v. Farino Excavating Co., 55 F. R.D. 346, 347 (E.D.Mich.1972). A "reasonable time" is to be measured by balancing the defendant's need against the vulnerability of the employee witnesses to the defendant employer. Here, given the limited purposes for which the defendant would need the names, five to ten days seem sufficient.

A more difficult issue on remand is whether the statements of prospective witnesses must be given to the defendant. The government objects to turning over the statements until after each witness has testified on direct examination. This is essentially the procedure permitted in criminal cases under the Jencks Act. 18 U.S.C. § 3500(b). The government contends that it may be able, and would prefer, to prove its case without using employee witnesses. Its desire to do all it can without employee witnesses is a proper one. As the Third Circuit recognized in Mitchell v. Roma, *supra* 265 F.2d at 637:

> * * * The relationship between an employer and an employee is a sensitive one. * * * The statutory prohibition against retaliation provides little comfort to an employee faced with the possibility of subtle pressures by an employer, which pressures may be so difficult to prove when seeking to enforce the prohibition.

The defendant argues that, since the government will turn over the statements in full after direct examination, the government's interest in withholding the information for the ten days preceding trial is miniscule, and is outweighed by the defendant's accelerating need to fully prepare his case. *See,* United States v. Julius Doochin Enterprises, Inc., *supra* 370 F.Supp. at 945; Walling v. Richmond Screw Anchor Co., 4 F.R.D. 265, 269 (E.D.N.Y.1943).

A resolution of this dilemma must be entrusted to the sensitive discretion of the trial court. One alternative is for the District Court to employ the Jencks Act approach as urged by the government, allowing the defendant to examine the statements of witnesses only after the completion of direct examination. It may be that, where the only possible use of the statement is for impeachment purposes, such an approach will be sufficient to protect the defend-

ant. A second alternative would be for the District Court to order pretrial disclosure only of a summary of the evidence which will be presented by each witness it proposes to call, and not the statements themselves. *See,* Wirtz v. Robinson & Stephens, Inc., 368 F.2d 114, 116 (5th Cir. 1966); Wirtz v. Hooper-Holmes Bureau, Inc., *supra* 327 F.2d at 941. A third alternative would be to order production of the statements themselves, either at the same time as the witness list is ordered, *see, e. g.,* United States v. Julius Doochin Enterprises, Inc., *supra,* or at a shorter period before the witness' appearance. *See, e. g.,* United States v. Kelsey-Hayes Wheel Co., 15 F.R.D. 461 (D.Mich.1954) (twenty-four hours in advance of testimony). As the trial date draws nearer, the defendant's need will be easier to assess, and at the same time, the government will be more likely to know whether it must use employee witnesses, and if so, which ones.

■ If the District Court chooses to employ the third alternative of ordering production of the statements before trial, it would be appropriate for it to consider deleting certain matters from the statements. In the *Julius Doochin* case, the pretrial order gave the government the right to request the court to excise any portions of the statements which would tend to reveal the identities of others who had given statements but who would not be witnesses. United States v. Julius Doochin Enterprises, Inc., *supra* 370 F.Supp. at 945. In addition, the District Court should seriously consider permitting the deletion from any statements of the dates on which they were given. Such information will rarely have any probative value, but may fuel an employer's desire for retaliation by indicating which of several employees was the first to complain to the authorities. Moreover, the court may, in its discretion, accompany such pretrial disclosure order with a protective order to the effect that the material so produced is not to be used for any purpose whatsoever except the trial. We repeat that these employees have an absolute right to complain of the law's violation, and it is the court's duty to assure that they are protected in the exercise of that right.

■ In summary, although we do not here lay down any fixed rule governing pretrial disclosure of the names and statements of employees, and although the balancing of the competing interests must be left to the sound discretion of the trial court, we urge the court to take seriously the government's reasons for desiring to withhold the statements as long as possible. The government's counsel has asserted that the Secretary is constantly losing witnesses in FLSA actions, and that he wishes to limit the period of potential or even imagined harassment. We are confident that, in the light of the important policies underlying enforcement of the Act, the District Court will carefully weigh the interests in this case on remand.

The order dismissing the action for failure to comply with the production order is vacated, and the cause remanded for further proceedings.