William E. BROCK, Secretary of Labor,
United States Department of Labor,

v.

J.R. SOUSA & SONS, INC.,
Joseph J. Sousa.

Civ. A. No. 84–1562–Mc.

United States District Court,
D. Massachusetts.

Nov. 20, 1986.

Albert H. Ross, Regional Sol., David L. Baskin, Atty., U.S. Dept. of Labor, Boston, Mass., for Brock.

Richard D. Armstrong, Jr., P.C., Peabody & Brown, Boston, Mass., for J.R. Sousa & Sons Inc.

## AMENDED ORDER ON FOUR MOTIONS OF DEFENDANTS J.R. SOUSA & SONS, INC. AND JOSEPH J. SOUSA (## 21, 28, 32 & 42)

ROBERT B. COLLINGS, United States Magistrate.

The Amended Complaint in the above-styled case alleges that the defendants have violated the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.* Specifically, it is alleged that (1) the defendants forced employees to repay them for "shortages" in receipts and would not give employees their paychecks until the shortages were paid, (2) the defendants failed to pay employees for time spent on shift-opening and shift-closing procedures, (3) the defendants failed to pay employees time-and-a-half their regular rates over-time, i.e. for hours worked over forty in a single work week, (4) the defendants failed to pay overtime to station managers who did not supervise at least 80 hours of em-ployee work per week, (5) the defendants failed to keep records of shortage pay-ments made to them by employees, and (6)

defendants failed to record all hours worked by employees.

The plaintiff has provided the defendants with a list of 751 employees whom it claims are owed money as a result of the alleged violations. The list contains the addresses of the employees, the time periods involved, the violations alleged, and the gross amounts due.

The defendants have filed four motions which seek the following: (1) an order compelling the plaintiff to list the names of those persons who will be witnesses at trial; (2) an order compelling plaintiff to produce copies of all statements made by its employees, including questionnaires which the plaintiff sent to the defendants' past and present employees and which were completed and returned by the employees; (3) an order granting the defendants leave to depose the witnesses the plaintiff will call at trial; and (4) an order directing the plaintiff's attorney not to invoke privileges during the depositions of defendants' employees which prevent the defendants from learning what information the employees gave to the plaintiff during plaintiff's investigation.

Plaintiff has declined to identify its witnesses on the basis of the informer's privilege and has declined to produce copies of all statements taken by the plaintiff of the employees, including the questionnaires, on the basis of the protections afforded by the "work-product" doctrine in Rule 26(b)(3), F.R.Civ.P. Further, the plaintiff declines to refrain from invoking the informer's privilege when the defendants ask an employee at a deposition whether or not he has given information, either in the form of completing a questionnaire or otherwise, to the plaintiff.

The informer's privilege has been rather uniformly applied in cases involving the Fair Labor Standards Act to protect the plaintiff from disclosing the names of its witnesses and copies of the witnesses' statements during discovery. As the Fourth Circuit Court of Appeals stated in *Wirtz v. B.A.C. Steel Products, Inc.*, 312 F.2d 14 (4 Cir., 1963):

The only information which the defendants did not have, and the real purpose of their demand, was to find out which of the present and former employees had informed against them, and the tone and manner of their informing; whether it had been voluntarily or reluctantly given. It is this very information which is protected by the "informer's privilege", *Roviaro v. United States*, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957); *Mitchell v. Roma*, 265 F.2d 633 (3 Cir., 1959). The courts have not only denied the names of the informers but also the statements in the government's possession. Although the privilege is not absolute, the defendants have shown no special circumstances which would justify withdrawing the qualified privilege from the government. This is particularly true of this type of case. The average employee involved in this type of action is keenly aware of his dependence on his employer's good will, not only to hold his job but also for the necessary job reference essential to employment elsewhere. Only by preserving their anonymity can the government obtain the information necessary to implement the law properly. *Mitchell v. Roma, supra,* 8 Wigmore, Evidence § 2374 (McNaughton rev. 1961).

*Id.* at 16.

The seminal case in the Fifth Circuit to the same effect is *Wirtz v. Continental Finance & Loan Co. of West End,* 326 F.2d 561 (5 Cir., 1964).

In a later opinion, the Fourth Circuit, while emphasizing that "[t]he qualified privilege of withholding the names and statements of informants has repeatedly been upheld by the Courts", wrote that:

The qualified privilege must give way shortly before and during trial of an actual enforcement proceeding to the extent that fairness requires the Secretary to furnish lists of prospective witnesses and written statements obtained from them. [*Wirtz v. Hooper-Holmes Bureau, Inc.,* 5 Cir., 327 F.2d 939] In that process, the fact that some witnesses

were early informants may incidentally appear, but, as the Fifth Circuit pointed out in the *Robinson & Stephens* case [*Wirtz v. Robinson & Stephens*, 5 Cir., 368 F.2d 114], the policy favoring anonymity of informants must give way when it conflicts with the countervailing policy favoring fair and orderly trial and pretrial procedures.

*United States v. Hemphill*, 369 F.2d 539, 542 (4 Cir., 1966).

In my opinion, the principles enunciated in these cases are fully applicable to the case at bar. Unless the defendants can demonstrate a substantial need for a list of witnesses and statements of employees and witnesses at this stage of the proceedings as opposed to shortly before trial, the plaintiff's invocation of the privilege shall be sustained.

The defendants assert that they need to obtain the list of the plaintiff's witnesses and the statements of employees, especially the completed questionnaires, in order to test the validity of the survey. The defendants, having been provided with a copy of the survey sheet which was mailed to defendants' employees, claim that the form is misleading and that because of the wording of some of the questions, the employees will misinterpret the questions and give incorrect information. The plaintiff states his intention of relying on the questionnaires as survey evidence, which, he contends, has been found to be admissible in Fair Labor Standards Act cases. *Donovan v. New Floridian Hotel*, 676 F.2d 468, 471 (11 Cir., 1982); *Donovan v. Hudson Stations, Inc.*, 99 L.C. ¶ 34,463 (D.Kan., 1983).

In these circumstances, I find that the defendants have not demonstrated substantial need to receive either the names of the witnesses whom plaintiff will call at trial or the completed questionnaires at this time. The plaintiff shall be required to provide the defendants with a list of witnesses ten (10) days before trial and shall be required to produce copies of the completed questionnaires ten (10) days before trial. In my judgment, this will be sufficient to meet the needs of the defendants and will pre-

serve the anonymity of the employees who were informers until just prior to trial.

The reason for this ruling is quite simple. The defendants are able to gather evidence to test the efficacy of the survey by choosing a random number of employees on the list to depose and asking them the precise questions which the plaintiff asked on the survey. In fact, the defendants are free to ask the employees to fill out a blank copy of the questionnaire at the deposition. In this manner, the defendants will be able to discern the manner in which the employees understand the questions asked on the questionnaires. To the extent that the depositions reveal that employees misunderstand the questions, the defendants will have gathered evidence that the survey evidence is unreliable. In addition, the defendants may, if they wish, attempt to obtain survey evidence of their own by mailing out their own questionnaires to the employees which clarify the asserted ambiguities in the plaintiff's questionnaire.

It does not matter whether or not the employees whom the defendants choose to depose are going to be witnesses for the plaintiff at trial. Nor does it matter that an employee who is deposed did not even fill out and return the questionnaire but rather provided information to the plaintiff in some other manner. The issue is how a random number of employees would understand the questions asked. To the extent that employees are shown to misunderstand the questions on the questionnaire when those questions are put to them in a deposition, the defendants have secured evidence that the results of the survey are unreliable. In fact, this is a far better way of judging the efficacy of the survey than deposing only those employees whom the plaintiff intends to call at trial.

It is important to note what the Court is holding. The defendants may not ask the employees at depositions whether or not they completed a questionnaire for the plaintiff and they may not ask whether or not they ever provided any information to the plaintiff. Rather, they may ask the employees about the facts with respect to

the circumstances of his or her employment during the time periods when the violations are alleged to have occurred with respect to that particular employee and may ask the employees the same questions which the plaintiff asked the employees on the questionnaire.

Accordingly, the Court takes the following action on each of the four motions before it:

(1) It is ORDERED that the Motion Of Defendants J.R. Sousa & Sons, Inc. And Joseph J. Sousa To Compel A More Complete Answer To Interrogatories (# 21) be, and the same hereby is, DENIED as drafted. However, the plaintiff is ORDERED to disclose to counsel for the defendants a list of the witnesses he intends to call at trial *no later than ten working days before trial.*

(2) It is ORDERED that the Motion Of Defendants J.R. Sousa & Sons, Inc. And Joseph J. Sousa To Compel Production Of Documents (# 28) be, and the same hereby is, DENIED as drafted. However, the plaintiff is ORDERED to produce to counsel for the defendants copies of all completed questionnaires which were returned to the plaintiff by the defendants' past and present employees *no later than ten working days before trial.*

(3) It is ORDERED that the Motion To Grant Leave To Depose Witnesses (# 32) be, and the same hereby is, DENIED as drafted. However, the defendants may depose a random number of those of its employees whose names are contained on Exhibit A–1 to the Amended Complaint and ask each of the employees the precise questions which the plaintiff put to the employees in the questionnaire in accordance with the guidelines recited *supra,* PROVIDED HOWEVER that said depositions are COMPLETED *on or before the close of business on Friday, January 30, 1987.*

(4) It is ORDERED that the Motion Of Defendants J.R. Sousa & Sons, Inc. And Joseph J. Sousa To Allow Deposition Questions To Be Answered (# 42) be, and the same hereby is, DENIED as drafted. As indicated *supra,* the defendants may not ask their past or present employees whether or not they completed a questionnaire at the request of the plaintiff or what they said on any questionnaire or whether or not they otherwise provided information to the plaintiff. However, the defendants are free to depose a random number of the employees whose names are listed on Exhibit A–1 to the Amended Complaint and ask each of said employees precisely the same questions which were put to the employees on the plaintiff's questionnaire.