Rainsford J. WINSLOW, et al., Plaintiffs,

v.

Roy ROMER, et al., Defendants.

No. 90–K–2173.

United States District Court, D. Colorado.

Dec. 17, 1990.

---

See also 759 F.Supp. 670.

Rainsford J. Winslow, Fort Morgan, Colo., pro se.

Duane Woodard, Atty. Gen., state of Colo., Denver, Colo., for Governor Romer.

## ORDER

KANE, Senior District Judge.

Rainsford J. Winslow [1] ("Winslow") commenced this action on December 11, 1990 against a number of public officials and private parties, alleging that each has committed various constitutional and statutory violations. Contemporaneously with his complaint Winslow filed two motions: a motion to require defendants to respond to the complaint and to complete requests for admissions, and a motion for a prompt declaratory/injunctive relief hearing concerning the bias and prejudice of Judge Charles E. Matheson with jury demand. In addition, he has requested leave to proceed in forma pauperis in this case. The merits of these motions are discussed below.

Winslow's first motion requests that I "require an answer to this complaint rather than permitting a motion to dismiss to bog things down," and require "that when the answer is filed that the Completion of the Request for Admissions be filed simultaneously with the answer rather than permitting a 30–day delay or a delay by a protective order which Winslow has seen multiple times." Winslow adds that these measures are designed to "get at the truth quickly."

While I sympathize with the view that litigation oftentimes takes a plodding course, I cannot grant the above peremptory relief. The Federal Rules of Civil Procedure permit a defendant to assert certain affirmative defenses, including failure to

---

**1.** In addition to Winslow, the complaint identifies by name ten additional plaintiffs as well as "200 John/Jane Does, yet unknown." A note on the bottom of the cover page of the complaint states that "Winslow has an Ownership Assignment of the ten listed Plaintiffs as to their cause of action." For ease of reference, the plaintiffs will collectively be referred as "Winslow." I make no comment at this time on the propriety of this procedure.

state a claim upon which relief can be granted, in the answer or by motion. *See* Fed.R.Civ.P. 12(b). Winslow cites no authority authorizing the district court to prevent a defendant from filing a motion to dismiss before answering the complaint. Even if such authority exists, a defendant is still entitled to raise the defense in his answer, and I am required to consider the merits of the defense. Therefore, Winslow's request that the defendants be precluded from filing a motion to dismiss would have little practical effect on the speed with which this case reaches the merits. This portion of the motion is DENIED.

■ Likewise, there is no basis to grant Winslow's second request for expedited responses to his requests for admissions. Rule 36(a) permits a defendant to respond to a request for admission within 45 days after service of the summons or complaint. Although Rule 36 authorizes the court to shorten this time period, Winslow's desire to "get at the truth quickly" is insufficient justification to do so. Accordingly, the motion to require defendants to respond to the complaint and to complete requests for admissions in a shorter time than specified is DENIED.

Winslow's second motion seeks declaratory and injunctive relief against United States Bankruptcy Judge Charles E. Matheson for "serious Constitutional violations." It is clear that this motion arises out of Judge Matheson's recent issuance of contempt orders in Winslow's bankruptcy case. The motion recites as its jurisdictional basis 28 U.S.C. §§ 1331, 1343 and 1651 and Fed.R.Civ.P. 57 and 65. Winslow additionally requests a stay of all proceedings before Judge Matheson because of his alleged lack of impartiality and demands a jury trial on this issue.

■ Construing the pleadings liberally, as I am required to do in this *pro se* case, *see Haines v. Kerner,* 404 U.S. 519, 521, 92 S.Ct. 594, 596, 30 L.Ed.2d 652 (1972), there is no basis to grant the relief requested. The statutes and rules authorizing the court to order injunctive and declaratory relief do not confer subject matter or personal jurisdiction on the court. *See Amalgamated Sugar Co. v. Bergland,* 664 F.2d 818, 823 (10th Cir.1981) (declaratory relief); *Citizens Concerned for Separation of Church & State v. Denver,* 628 F.2d 1289, 1299 (10th Cir.1980) (injunctive relief), *cert. denied,* 452 U.S. 963, 101 S.Ct. 3114, 69 L.Ed.2d 975 (1981). They provide only additional remedies once the movant has otherwise established jurisdiction. Winslow appears to base his request for such relief on federal question and civil rights jurisdiction; however, neither the complaint nor this motion indicate a colorable constitutional, civil rights or other federal statutory basis for his claims against Judge Matheson. Therefore, there is no basis to order declaratory or injunctive relief.

■ Alternatively, Winslow's motion could be construed as a petition for a writ of mandamus, particularly since the motion seeks to invoke jurisdiction under 28 U.S.C. § 1651. In *United States v. Hemphill,* 369 F.2d 539, 543 (4th Cir.1966), the court held that "any litigant, private individual or public official, is entitled to a writ of mandamus to avoid an appearance to show cause why he should not be held in contempt of court when the underlying order of the Court is clearly erroneous and the refusal to comply with it has been both formal and respectful." *See also Burkett v. Chandler,* 505 F.2d 217, 224 (10th Cir.1974), *cert. denied,* 423 U.S. 876, 96 S.Ct. 149, 46 L.Ed.2d 110 (1975). The *Hemphill* court reasoned that mandamus was an appropriate remedy because

[t]o compel the Secretary to appear in the District Court in response to the order to show cause would not provide an adequate legal remedy. If he should appear and should be held in contempt, the order holding him in contempt would be an appealable order permitting appellate review in this Court. Meanwhile, however, the Secretary would have been subject to sanctions in the District Court, including possible imprisonment. Despite the comparative promptness with which orders for release on bail or stays may be obtained, that is hardly an appropriate or adequate means for obtaining

appellate review of a pre-trial order of dubious validity, or one that was clearly erroneous as we hold this one to have been.

369 F.2d at 543. Even assuming that Winslow has met *Hemphill's* requirement to show that the contempt order is clearly erroneous and his refusal to comply has been both formal and respectful, unlike *Hemphill* and its progeny, Winslow has an adequate legal remedy.

The bankruptcy court's outstanding contempt order, dated December 4, 1990, was issued in accordance with Bankruptcy Rules 9020 and 9033. Rule 9020 provides that a contempt order entered under the rule

> shall be effective 10 days after service of the order and shall have the same force and effect as an order of contempt entered by the district court unless, within the 10 day period, the entity named therein serves and files with the clerk objections prepared in the manner provided in Rule 9033(b). If timely objections are filed, the order shall be reviewed as provided in Rule 9033.

Bankr.R. 9020(c). Winslow has filed an objection to the above order and has filed a copy of this objection with this court.[2] Therefore, to be effective, the bankruptcy court's contempt order must be reviewed de novo by the district court under Bankruptcy Rule 9033. As a result, and in contrast to *Hemphill* and its progeny, Winslow has an adequate remedy at law in this case. He will not be exposed to the threat of incarceration before review of the allegedly unjustified contempt order because it will not become effective until the district court has engaged in its Rule 9033 review. Consequently, mandamus relief is not justified. Winslow's motion for prompt declaratory/injunctive relief hearing concerning the bias and prejudice of Judge Charles E. Matheson with jury demand is DENIED. Likewise, his motion for emergency continuance or some form of declaratory or injunctive relief, filed December 14, 1990, is DENIED.

Finally, Winslow has filed a motion requesting in forma pauperis status in this action. Sufficient grounds appearing therefor, the motion is GRANTED. Winslow is advised, however, that this court has already considered the validity of the bankruptcy claims arising out the 1982 state court judgment against Winslow in Civil Action No. 79–CV–97. Likewise, it has ruled on his repeated attempts, by various procedural means, to disqualify Judge Matheson for alleged bias and prejudice. The sole matters pending in Winslow's related actions in this court are post-judgment motions in Civil Action Nos. 89–K–934 and 89–K–1811 and a ruling on the merits in Civil Action Nos. 90–K–663 and 90–K–2106, which are appeals from various bankruptcy court rulings. Baseless attempts to collaterally attack the above final rulings by the filing of additional pleadings in this court will be met with sanctions.

---

**2.** Winslow has filed a copy of both the contempt order and his objection to it in Civil Action No. 89–K–663. On December 11, 1990, I denied the objection to the extent it requested affirmative relief in that action because the case had been dismissed. My December 11 ruling should not be construed as a decision on the merits of the bankruptcy court's December 4 contempt order under Bankr.R. 9033.