**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

**No. 02-50569**
**Summary Calendar**

**WILLIS G. HUNT,**

**Plaintiff - Appellant,**

**v.**

**TEXAS MUTUAL INSURANCE COMPANY,**

**Defendant - Appellee.**

**Appeal from the United States District Court**
**for the Western District of Texas,**
**Austin Division**
**A-01-CA-324 JN**

December 13, 2002

Before JONES, STEWART and DENNIS, Circuit Judges.[*]

PER CURIAM:

Willis G. Hunt ("Hunt") appeals the district court's summary judgment dismissing his claims of racially discriminatory firing under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.* Hunt argues that the district court abused its discretion in (1) striking pages 19 to 27 of Hunt's response to Texas Mutual Insurance Company's ("TMI") motion for summary

---

[*] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

judgement and (2) striking two unsigned and unsworn "affidavits." For the following reasons, this court affirms.

This court reviews district court enforcement of the local rules for abuse of discretion. <u>Macklin v. City of New Orleans</u>, 293 F.3d 237, 240 (5th Cir. 2002). The abuse of discretion standard also applies to district court's application of local rules in disposing of motions. <u>Victor F. v. Pasadena Indep. School Dist.</u>, 793 F.2d 633, 635 (5th Cir. 1986). "Local rules for the conduct of trial courts are desirable and necessary, and such rules should not be ignored or declared invalid except for impelling reasons." <u>Wirtz v. Hopper-Holmes Bureau, Inc.</u>, 327 F.2d 939, 943 (5th Cir. 1964).

On March 1, 2002, Hunt filed a 27-page response to TMI's motion for summary judgment. This filing was, as Hunt admits, one day too late, <u>see</u> W.D. Tex. Local R. CV-7(d), and 17 pages too long, <u>see</u> <u>id.</u> at (f). In spite of Hunt's failure to abide by both of these rules, Judge Nowlin accepted Hunt's filing, striking, though, the final eight pages of Hunt's brief. Truncated to 19 pages, this brief then equaled in length TMI's motion. Hunt now argues that this abbreviation is tantamount to dismissal.

This argument is devoid of merit. Instead of rejecting the filing altogether — as the court might have done — the district court generously accepted the brief and imposed a remedy. Judge Nowlin did not abuse his discretion, and he ruled on the merits of Hunt's case.

2

Hunt also attached to his response brief two supporting exhibits, respectively presented as the "affidavits" of Isodor C. Leon, Jr., and Mark G. Vidas. Neither document was signed or notarized. On the signature line on each of these documents, there was merely a hand-written statement indicating that they would be subsequently supplemented with a signature. Ten days later, Hunt submitted a motion to substitute "signature pages" for both of these "affidavits." The district court refused this motion. Hunt argues that Judge Nowlin thereby abused his discretion.

This argument is also without merit. Hunt concedes that these "affidavits" failed to comply with Rule 56(e) of the Federal Rules of Civil Procedure. The most that he can argue is that the district court could have applied this rule "with a spirit of liberality"; he therefore asks this court to reverse Judge Nowlin's "abuse of discretion." While it might be within the trial court's ability to accept late and unconventional affidavit filings, the trial court is under absolutely no obligation to do so. A trial court's expectation that litigants abide by court rules can in no way be characterized as an abuse of discretion. It would, rather, have been Judge Nowlin's acceptance of Hunt's unorthodox and improper submission of "signature pages," that would give rise to a charge of abuse.

To mitigate the prejudicial consequences to litigants of their counsels' incompetence, trial judges occasionally avert their glance when the application of clear rules might otherwise prevent

3

adjudication upon the merits of a client's case.  Hunt himself has been the beneficiary of such judicial liberality.  With regard to most of Hunt's blunders, Judge Nowlin was lenient, allowing adjudication on the merits of a case that he could have easily dismissed out of hand.  To the same extent that Hunt has benefitted from Judge Nowlin's discretion, he cannot now claim its abuse.

The district court's judgment is therefore **AFFIRMED**.