547 F.2d 528
 15 Fair Empl.Prac.Cas. 1713,
22 Wage & Hour Cas. (BN 1478,
13 Empl. Prac. Dec. P 11,294, 79 Lab.Cas. P 33,464
 W. J. USERY, Jr., Secretary of Labor, Petitioner,
v.
The Honorable Willis W. RITTER, District Judge, Respondent,
and
Paul W. Cox et al., Parties in Interest.
W. J. USERY, Jr., Secretary of Labor, Appellant,
v.
Paul W. COX et al., Appellees.
 Nos. 76-1809 and 76-1845.
 United States Court of Appeals,
Tenth Circuit.
 Argued and Submitted Nov. 16, 1976.
Decided Jan. 3, 1977.
 
 Jacob I. Karro, Washington, D.C. (William J. Kilberg, Sol. of Labor, Carin Ann Clauss, Associate Sol., Sandra P. Bloom, Atty., and Henry C. Mahlman, Associate Regional Sol., U.S. Dept. of Labor, Washington, D.C., on the brief), for petitioner in No. 76-1809 and appellant in No. 76-1845.
 Chris Wangsgard, Salt Lake City, Utah (Van Cott, Bagley, Cornwall & McCarthy, Salt Lake City, Utah, on the brief), for parties in interest in No. 76-1809 and appellees in No. 76-1845.
 Before SETH, BREITENSTEIN and McWILLIAMS, Circuit Judges.
 BREITENSTEIN, Circuit Judge.
 
 
 1
 The issue is whether in a suit charging violations of the equal pay provisions of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq., the Secretary of Labor can be compelled to divulge the identity of his informants. The district court ordered him to do so. The Secretary has appealed and also petitioned for extraordinary relief under 28 U.S.C. § 1651(a) and Rule 21, F.R.A.P. We hold that the Secretary is not required to disclose the identity of his informants.
 
 
 2
 The Secretary sued Mountain States Bindery, Inc., and three individuals who allegedly acted directly or indirectly in the interest of the Bindery. The complaint charged the defendants with sex discrimination in violation of 29 U.S.C. § 206(d) in that defendants paid female employees less wages for equal work under similar working conditions than they paid male employees. The complaint sought injunctive relief and back wages. Defendants denied violations of the Act and propounded 26 interrogatories to the Secretary. The Secretary answered 24 of those, but declined to answer Interrogatories 3 and 4. Interrogatory 3 sought identification of the employees or other individuals who provided information to the Secretary. Interrogatory 4 sought copies of information and statements furnished by the informants named in the answer to Interrogatory 3.
 
 
 3
 On May 27, 1976, the court overruled the Secretary's objections to Interrogatories 3 and 4. In an effort to comply without violating promised confidentiality, the Secretary caused a letter to be sent on June 4 to each person who had given information to his department asking whether he or she would waive confidentiality. On the defendants' motion, the court, on June 11, issued a temporary restraining order relating to matters later incorporated in a preliminary injunction.
 
 
 4
 The Secretary responded to a motion to compel answers to the interrogatories by a formal "Claim of Privilege and Confidentiality" supported by an affidavit of the Administrator of the Act which stated that assurances of confidentiality were crucial to the proper administration and enforcement of the Act.
 
 
 5
 At a July 1 hearing, the defendants moved for involuntary dismissal of the suit because of the Secretary's failure to answer the interrogatories. In denying the motion for dismissal, the court said:
 
 
 6
 "Well, I have a choice of some other sanctions too, lock up the counsel."
 
 
 7
 On July 6, the court denied the Secretary's motion to dissolve the temporary restraining order, granted a preliminary injunction in essentially the form of the temporary restraining order, and ordered that the Secretary answer Interrogatories 3 and 4. Responding to the preliminary injunction, the Secretary again invoked his claim of privilege, said that he would deposit the responses under certain safeguards, and said that he would waive privilege as to consenting informants. The Secretary suggested that, if the court rejected his response, the appropriate sanction would be involuntary dismissal.
 
 
 8
 On July 26 the defendants moved that the Secretary be held in contempt for failure to obey the court's orders. The court ordered the Secretary to show cause on October 1 why he should not be held in contempt.
 
 
 9
 The Secretary on August 31 filed a notice of appeal from the July 6 orders. This is our case No. 76-1845. On September 1 the Secretary filed a mandamus petition seeking relief from the same orders. This is our case No. 76-1809. On September 28 we stayed all district court proceedings in the case. We required a response to the petition for mandamus. Judge Ritter filed none. The defendants in their response urge that mandamus is not an appropriate remedy and that they are entitled to answers to Interrogatories 3 and 4.
 
 
 10
 Section 1292(a), 28 U.S.C., gives the courts of appeals jurisdiction on appeals from preliminary injunctions. The plaintiff was restrained from (1) "soliciting or collecting responses to the letter of June 4, 1976" and required to forward any responses received to the clerk of the district court, and (2) from soliciting responses containing or communicating an election by any past or present employee of defendants as to whether he would object to the furnishing of the information requested by Interrogatories 3 and 4. The plaintiff was affirmatively ordered to send each recipient of the June 4 letter another letter containing specified statements. The injunction did not compel answers to the two interrogatories. On the same day that the injunction issued, another order was made that the plaintiff answer the interrogatories. Inherent in the consideration of both the injunction and the petition for mandamus is the issue of whether the Secretary can be compelled to disclose names of informants in suits brought under the Fair Labor Standards Act.
 
 
 11
 In Mitchell v. De Mario Jewelry, Inc., 361 U.S. 288, 292, 80 S.Ct. 332, 335, 4 L.Ed.2d 323, the Court said that effective enforcement of the Act could only be expected "if employees felt free to approach officials with their grievances." By proscribing retaliatory acts, see 29 U.S.C. § 215(a), and providing for enforcement by the Secretary in equity actions pursuant to 29 U.S.C. § 217, " * * * Congress sought to foster a climate in which compliance with the substantive provisions of the Act would be enhanced." Ibid. Cooperation may not be forthcoming unless the government can assure confidentiality. Brennan v. Engineered Products, Inc., 8 Cir., 506 F.2d 299, 302.
 
 
 12
 Four circuits have held that the Secretary may not be required in discovery proceedings to disclose the identity of informants. See Mitchell v. Roma, 3 Cir., 265 F.2d 633; United States v. Hemphill, 4 Cir., 369 F.2d 539; Wirtz v. Robinson & Stephens, Inc., 5 Cir., 368 F.2d 114, and Brennan v. Engineered Products, Inc., 8 Cir., 506 F.2d 299. The privilege is qualified. The interest of the government in protecting its sources must be weighed against the defendants' need for the information. Brennan v. Engineered Products, Inc., 506 F.2d at 302, and Wirtz v. Continental Finance & Loan Co. of West End, 5 Cir., 326 F.2d 561, 563. See also our opinion in Usery v. Local Union 720, 547 F.2d 525, filed simultaneously with this opinion.
 
 
 13
 While the Hemphill case has certain analogies, the facts in the instant case fit no pattern common to that found in the appellate decisions which have considered the issue. The interrogatories were submitted on November 24, 1975. On January 13, 1976, the court entered what was styled "PRE-TRIAL ORDER." Contained therein was the following:
 
 
 14
 "5. Discovery : There are over 100 employees to whom plaintiff contends back wages are due; estimated back wages amount to more than $250,000. Numerous machines (more than 20) are used by the affected employees. The parties anticipate extensive discovery, including depositions of a large number of employees."
 
 
 15
 In answering interrogatories, plaintiff specified its understanding of the machines used and of the job classifications. Plaintiff identified with much specificity some 85 female employees allegedly subject to discrimination, and at least 8 males allegedly receiving higher wages for similar work.
 
 
 16
 Plaintiff objected to, and did not answer, Interrogatories 3 and 4. Interrogatory 3 asked plaintiff to identify "those employees or other individuals which (sic) provided factual information or statements relevant to your allegations of violations of the Equal Pay Act." Interrogatory 4 was supplemental to Interrogatory 3.
 
 
 17
 The so-called pre-trial order was preliminary and recognized that the parties "anticipate extensive discovery." The government has said that it will furnish a list of its witnesses at an appropriate time. The record contains no showing by defendants of their need, or the reasons for their need, of the disclosure of the identity of the informants. The defendants know the job classifications, the pay rolls, and the type of work done by each employee. The government has specified individuals, classifications, and types of machines which it deems pertinent to its case.
 
 
 18
 The request of the defendants is made in connection with discovery. On the record presented the government's interest in confidentiality outweighs the defendants' need for identification of the informants. See Brennan v. Engineered Products, Inc., 506 F.2d at 303. Orderly trial procedure requires that in due time the government must list its witnesses. We have not yet reached that stage in the proceedings.
 
 
 19
 The preliminary injunction can only be sustained on the theory that the government must disclose the names of the informants. In effect, it restrains the government from ascertaining whether any persons would waive confidentiality of statements made to the government. Because of its overbreadth, the preliminary injunction should be vacated.
 
 
 20
 The order compelling answers to Interrogatories 3 and 4 is not appealable under § 1291. We have recognized that the "collateral order" doctrine announced in Cohen v. Beneficial Loan Corp., 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528, may be applied in discovery proceedings "upon a proper showing." Paramount Film Distributing Corp. v. Civic Center Theatre, 10 Cir.,333 F.2d 358, 362. See also Arthur Andersen & Co. v. Finesilver, 10 Cir.,544 F.2d 513, opinion filed December 1, 1976. In the case at bar, no showing has been made to support application of the "collateral order" doctrine.
 
 
 21
 Kerr v. United States District Court, 426 U.S. 394, 96 S.Ct. 2119, 48 L.Ed.2d 725, was concerned with the use of mandamus in connection with discovery orders. The plaintiffs, prisoners in state custody, sued several state officials connected with a state's penal and parole systems. The plaintiffs sought production of documents under Rule 34, F.R.Civ.P. The defendants claimed confidentiality and privilege. In ordering production, the district court issued a protective order. The defendants petitioned the court of appeals for mandamus. The court denied the petition and the Supreme Court granted certiorari. In affirming the court of appeals, the Supreme Court noted that "in camera review is a highly appropriate and useful means of dealing with claims of governmental privilege." Ibid., 426 U.S. at 406, 96 S.Ct. at 2126, 48 L.Ed.2d at 734. The Court said that it was confident "that the Court of Appeals did in fact intend to afford the petitioners the opportunity to apply for and, upon proper application, receive in camera review."
 
 
 22
 We have no concern with in camera inspection of documents. Our problem is the disclosure of informants. The prime import of Kerr v. United States District Court is its discussion of mandamus. The Court said that the writ will issue only in exceptional circumstances amounting to a "judicial usurpation of power." Ibid., 426 U.S. at 402, 96 S.Ct. at 2124, 48 L.Ed.2d at 732. Conditions to issuance include (1) absence of "other adequate means to attain the relief", and (2) a showing of "clear and indisputable" right to the writ. Ibid., 426 U.S. at 403, 96 S.Ct. at 2124, 48 L.Ed.2d at 733. The Court also said that "issuance of the writ is in large part a matter of discretion with the court to which the petition is addressed." Ibid.
 
 
 23
 In the case at bar our decision that the order compelling answer to the interrogatories in question is not a final order appealable under § 1291 leaves mandamus as the only relief open to the government. Unlike Arthur Andersen & Co. v. Finesilver, supra, where we held that the right to relief was not clear and indisputable, the record in the case at bar presents facts which call for mandamus relief. The district court usurped its power in rejecting the claim of privilege and requiring disclosure of informants. The situation is aggravated by the pending contempt proceedings against the Secretary which we have stayed. The circumstances are such as to justify the grant of the writ. See United States v. Hemphill, 369 F.2d at 543.
 
 
 24
 In No. 76-1845 the preliminary injunction is vacated and set aside. In No. 76-1809 a writ of mandamus shall issue requiring the district court to vacate its July 6, 1976, order compelling answers to Interrogatories 3 and 4, and to dismiss the pending contempt proceedings. The case is remanded for further proceedings in conformity with this opinion.