**DEVORE & SONS, INC., Plaintiff,**

v.

**AURORA PACIFIC CATTLE COMPANY, et al., Defendants.**

**Civ. A. No. 81–1264.**

United States District Court,
D. Kansas.

Feb. 8, 1983.

---

Rex G. Beasley, Fleeson, Gooing, Coulson & Kitch, Wichita, Kan., for plaintiff.

Christopher Randall, Turner & Boisseau, Wichita, Kan., for defendants.

## MEMORANDUM AND ORDER DENYING DEFENDANTS' MOTION TO REVIEW MAGISTRATE'S ORDER

THEIS, District Judge.

This is a contract action in which the plaintiff seeks to recover $28,560 for twenty-nine Holstein Springing Heifers delivered to the defendants. Defendants accepted and subsequently sold the cattle in question, but stopped payment on their check to cover the value of the cattle as soon as the cattle were shipped outside Kansas. Defendants contest their liability to the plaintiff and have filed a counterclaim alleging that the plaintiff breached the terms of the contract. Jurisdiction over both the original complaint and the counterclaim is predicated on diversity of citizenship, 28 U.S.C. § 1332, inasmuch as the plaintiff is a Kansas resident and all of the defendants are residents of Oregon.

On July 1, 1982, plaintiff moved for sanctions against the defendants for their allegedly willful failure to comply with discovery orders. An order was filed on July 26, 1982, by United States Magistrate John B. Wooley, in which he struck the defendants' counterclaim from the case file and assessed attorney fees in favor of the plaintiff and against defendant for time spent in the preparation and execution of the motion to compel discovery and for sanctions, all in accordance with Rule 37(b) of the Federal Rules of Civil Procedure. The case is currently before the Court on the motion of the defendants to review Magistrate Wooley's order.

### 1. Factual Background

The dilatory and uncooperative attitude held by the defendants toward the plaintiff's interrogatories is well summarized in Magistrate Wooley's order:

"Interrogatories were submitted by plaintiff to defendants on or about August 21, 1981. On September 24, 1981, plaintiff filed its Motion to Compel Answers to said Interrogatories. On October 1, 1981, at the initial pretrial conference, said motion was heard, sustained, and defendants were ordered to fully answer said interrogatories on or before November 1, 1981. On November 10, 1981, the plaintiff filed a second Motion to Compel which motion was taken up on November 20, 1981, and then continued to December 4, 1981 for hearing. On December 4, 1981, counsel announced that said motion had been resolved, based on the defendants' assurances that said Interrogatories would be

fully answered. Defendants having failed to comply, plaintiff filed, on February 3, 1982, its Motion to Compel Defendant to Answer Interrogatory Number 13. Said motion was taken up and heard at pretrial on March 16, 1982, and sustained at which time the court entered an agreed Protective Order.

In addition, the failure of defendants to answer said Interrogatories, particularly Interrogatory number 13, was taken up and discussed at pretrial conferences on October 1, 1981, December 15, 1981, March 16, 1982, April 26, 1982, and June 14, 1982, at which times various orders were made directing that said Interrogatories be answered. The instant motion (D.E. # 41) was filed on July 1, 1982. The court further finds that defendants have consistently failed and refused to fully answer Interrogatory number 13 and that the Motion of the plaintiff for Sanctions should be sustained.

The court further finds that Interrogatory number 13 requests information which bears directly upon defendants' counterclaim and that defendants' failure to answer said Interrogatory has denied the plaintiff appropriate discoverable information about the counterclaim."

Order of Magistrate Wooley, July 26, 1982, at 1–2. Interrogatory number 13 requested information concerning the present location of the twenty-nine cattle that the plaintiff delivered to the defendants, and, if any of the cattle had been sold, the name and address of the purchaser and the purchase price. This requested information went to the central issue in the case.

## II. Motion to Review

The defendants seek review of Magistrate Wooley's order on two bases: first, that a magistrate is without statutory authority under 28 U.S.C. § 636 to order the involuntary dismissal of a counterclaim, and second, that Magistrate Wooley abused his discretion in ordering the counterclaim to be stricken from the case file. This Court finds both of these contentions to be without merit.

The defendants' argument that a magistrate is without statutory authority to order the involuntary dismissal of a counterclaim is predicated on the limitation contained in 28 U.S.C. § 636(b)(1)(A) that:

"A judge may designate a magistrate to hear and determine any pretrial matter pending before the court, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or information made by the defendant, to suppress evidence in a criminal case, to dismiss or quash an indictment or information made by the defendant, to suppress evidence in a criminal case, to dismiss or permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action."

Such predication is misplaced. Initially, it should be noted that the motion before Judge Wooley was one for sanctions under Rule 37(b) of the Federal Rules of Civil Procedure, which clearly falls under the wide umbrella of "any pretrial matter." That Magistrate Wooley imposed sanctions in the form of striking the defendants' counterclaim does not transform the plaintiff's motion for sanctions into a "motion . . . to involuntarily dismiss an action."

Although there is a rather surprising paucity of case law on the question of magistrates' authority to impose sanctions under Rule 37(b), this Court believes that the statutory language under consideration was clearly intended to preclude magistrates from exercising the power of an Article III judge to dispose of cases *on the merits,* and not to preclude magistrates from imposing the sanctions authorized by Rule 37(b) as appropriate punishment in the course of making the pretrial determinations for which their position was created. Although predating the October 21, 1976 amendment of 28 U.S.C. § 636(b), the following language is still relevant:

"Congressional intent is clear that magistrates' civil jurisdiction includes only 'such additional duties as are not inconsistent with the Constitution and laws of

the United States,' that there is to be 'no abdication of the decisionmaking responsibility' of district courts, that 'the district judge is to retain the ultimate responsibility for the conduct of pretrial or discovery proceedings,' and that § 636(b) 'cannot be read in derogation of the fundamental responsibility of judges to decide the cases before them.' "

*TPO, Incorporated v. McMillen,* 460 F.2d 348, 359 (7th Cir.1972).

Clearly, the imposition of sanctions in the form of striking the defendants' counterclaim is not an abdication of this Court's decisionmaking authority, as no decision on the merits of that counterclaim has been made. For the same reason, the magistrate's imposition of sanctions cannot be viewed as being in derogation of this Court's responsibility to decide the merits of the counterclaim. Finally, the ultimate responsibility for the conduct of the pretrial and discovery proceedings conducted by Magistrate Wooley continues to remain in this Court through the mechanism of reconsideration in this Court under the "clearly erroneous or contrary to law" standard explicitly provided in 28 U.S.C. § 636(b)(1)(A).

The sanctions available under Rule 37(b) are all designed to affect the belligerent party's substantive rights to a greater or lesser degree: without these effects, the sanctions would be meaningless and ineffectual. To deprive a magistrate conducting the pretrial and discovery aspects of a case of resort to these sanctions would be to obviate the usefulness of his position. Securing compliance with the magistrate's discovery orders would, under this analysis, require the constant supervision and intervention of an Article III judge whose constitutional authority would be exercised, not to decide cases on the merits, but to mete out punishment to those who fail to comply with proper discovery orders. This is clearly not what the provisions of 28 U.S.C. § 636(b)(1)(A) were designed to accomplish, and this Court therefore concludes that Magistrate Wooley was acting within the scope of his statutory authority in striking the defendants' counterclaim.

As the magistrate did not specify in his order that the counterclaim was being stricken without prejudice, this Court finds that the counterclaim was stricken with prejudice.

The defendants' argument that Magistrate Wooley abused his discretion is also unpersuasive. An abuse of discretion can be found by this Court only if no reasonable person would take the view adopted by the magistrate, *State v. Sandstrom,* 224 Kan. 573, 581 P.2d 812 (1978), *cert. denied, Pennington v. Kansas,* 440 U.S. 929, 99 S.Ct. 1265, 59 L.Ed.2d 485 (1979); or if the magistrate's order was arbitrary or capricious, *Lawrence v. Willingham,* 373 F.2d 731 (10th Cir.1967). The actual standard to be applied by this Court is whether the magistrate's order is "clearly erroneous or contrary to law," 28 U.S.C. § 636(b)(1)(A). None of these standards can be satisfied on the present record. This Court finds the sanction of striking the defendants' counterclaim to be entirely appropriate in light of the defendants' repeated failures over nearly a year's time to answer the interrogatory, despite numerous court orders to do so.

IT IS THEREFORE ORDERED that the defendants' motion to review the Magistrate's order of July 26, 1982, is overruled.

IT IS FURTHER ORDERED that defendants' counterclaim be stricken from the case file with prejudice, and that all discovery relating only to that counterclaim be denied.