See also, D.C., 536 F.Supp. 627.

Raymond J. DONOVAN, Secretary of Labor, United States Department of Labor, Plaintiff,

v.

GINGERBREAD HOUSE, INC., Patricia Jo Stone, and James Stone, Defendants.

v.

Vicki BLATCHLEY and Beth Nelson, Third Party Defendants.

No. 81–K–1292.

United States District Court, D. Colorado.

May 10, 1985.

Ann M. Noble, Office of the Solicitor, Dept. of Labor, Denver, Colo., for plaintiff.

Thomas H. Melton, Denver, Colo., for defendants.

Beth Nelson, West Bloomfield, Mich., pro se.

Vicki Blatchley Penn, pro se.

## ORDER OF DISMISSAL

KANE, District Judge.

Magistrate Schauer recommends that I grant defendants' renewed motion for sanctions and that plaintiff's cause of action be dismissed. Before me now, pursuant to Local Rule 603, is plaintiff's objection to the magistrate's recommendation. The gravamen of the magistrate's recommendation of dismissal is plaintiff's willful failure to provide ordered discovery.

The magistrate denied the plaintiff's motion for a protective order. On reconsideration of the magistrate's denial, I remanded the matter for the magistrate to consider the Tenth Circuit's 1977 decisions in *Usery v. Local 720, AFL–CIO,* 547 F.2d 525 and *Usery v. Ritter,* 547 F.2d 528. The magistrate considered these cases and again denied the motion for a protective order. The plaintiff's motion for reconsideration of the second denial was not timely filed and the magistrate denied plaintiff's motion to accept a late filed motion for reconsideration. The magistrate granted the defendants' renewed motion for sanctions upon plaintiff's continued refusal to furnish the unprotected discovery despite having failed to file a timely objection to the magistrate's ruling. The magistrate relies on Federal Rule of Civil Procedure 37(b)(2)(C) which provides that where a party fails to obey an order to provide discovery, the court may make such orders in regard to the failure as are just, including dismissing the action.

The magistrate does not have Article III authority to affect involuntary dismissal of an action brought in the district court. Local Rule 602 requires that I give de novo consideration to the magistrate's recommendation of dismissal. *But see Devore & Sons, Inc. v. Aurora Pacific Cattle Co.,* 560 F.Supp. 236, 238 (D.Kansas 1983) (Theis, J.)(discovery sanction of dismissal not made on merits and thereby not beyond magistrate's authority under 28 U.S.C. § 636(b)(1)(A) ).

The failure to comply with the time requirement in seeking review of the magistrate's ruling is sufficient in itself to warrant dismissal. Even so, in an excess of caution, I will review the ruling on its merits. An abuse of the magistrate's discretion can be found if the magistrate's order was either arbitrary or capricious, or clearly erroneous and contrary to law. *See: Lawrence v. Willingham,* 373 F.2d 731 (10th Cir.1967); 28 U.S.C. § 636(b)(1)(A).

The magistrate's April 27, 1984 denial of plaintiff's motion for a protective order concludes:

"... the interest of the government in protecting its sources, under these circumstances (where the government bases its claims in part upon an allegation that the defendants discriminated against an employee-informant by unjust termination of that employee) must give way to the defendants' need for discovery of the accuracy of the informant's statements and any associated malicious motive to prove termination for cause as a defense against plaintiff's claim."

I agree with the magistrate's conclusion. Under these facts, plaintiff's claim of qualified privilege cannot be maintained.

The sanctions available under Rule 37(b)(2) are designed to affect the belligerent party's substantive rights: without these effects, the sanctions would be meaningless and ineffectual. To deprive a recommending magistrate's credible resort to

these sanctions during the conduct of pretrial and discovery matters would obviate the magistrate's usefulness. *See Devore & Sons, Inc. v. Aurora Pacific Cattle Co.,* 560 F.Supp. at 238.

I adopt the recommendation of the magistrate. The case is ordered dismissed.