William E. BROCK, Secretary of Labor, United States Department of Labor, Plaintiff–Appellant,

v.

R.J. AUTO PARTS AND SERVICE, INC., Defendant–Appellee.

No. 86–2493.

United States Court of Appeals, Tenth Circuit.

Dec. 13, 1988.

---

George R. Salem, Sol. of Labor, Monica Gallagher, Associate Sol., Linda Jan S. Pack, Counsel for Appellate Litigation, Lauriston H. Long, Atty., U.S. Dept. of Labor, Washington, D.C., Tedrick A. Housh, Regional Sol., U.S. Dept. of Labor, Kansas City, Mo., for plaintiff-appellant.

Thomas G. Bearden of McMahon, Berger, Hanna, Linihan, Cody & McCarthy, St. Louis, Mo., and John B. Klenda of Flory, Karstetter, Flory & Klenda, McPherson, Kan., for defendant-appellee.

Before MOORE, SETH and EBEL, Circuit Judges.

SETH, Circuit Judge.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.R.App.P. 34(a); Tenth Cir.R. 34.1.8. The cause is therefore ordered submitted without oral argument.

The Secretary of Labor brought this action against R.J. Auto Parts and Service, Inc., under sections 16(c) and 17 of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq.*, seeking to enjoin the defendant from violating the Act's minimum wage, overtime and record keeping provisions, and to recover unpaid back wages and liquidated damages alleged to be due twelve present or former employees of the defendant.

The district court dismissed the suit as a sanction for the Secretary's refusal to comply with an order to identify witnesses on whom the Secretary intended to rely at trial, as well as to produce any statements the Secretary had received from those witnesses. We agree with the Secretary that the district court erred in requiring the premature identification and designation of trial witnesses, and we reverse.

The defendant served a set of interrogatories in which it requested the Secretary to state the name and address of every person "who has knowledge of any and all facts which form the basis for the allegations made by Plaintiff against Defendant in this lawsuit," and to "[s]tate which of these persons ... have made a written or oral statement(s) to Plaintiff or any other person or agency" concerning the subject matter of the lawsuit. The Secretary objected to the interrogatories to the extent that they sought information as to the identities of current or former employees who may have furnished information to the Department of Labor.

The Secretary claimed that such information was protected from discovery by the government's privilege to withhold the identity of persons providing information respecting the violation of federal laws. The Secretary also argued that the defendant was seeking information prepared for trial that was not discoverable because the defendant failed to show a substantial need for the information or to demonstrate that it was unable to obtain the substantial equivalent by other means. The defendant filed a motion to compel the Secretary to answer the interrogatories. Following a hearing on the motion the district court issued an order requiring the Secretary to provide the statements of any current or former employees of the defendant whom the Secretary intended to call as witnesses at trial. Upon the Secretary's refusal to comply with the order, the district court dismissed the action and awarded the defendant attorney's fees and litigation expenses.

■■■ The government as a litigant, like an ordinary litigant, is subject to the rules of discovery. *United States v. Procter & Gamble Co.*, 356 U.S. 677, 681, 78 S.Ct. 983, 985–986, 2 L.Ed.2d 1077; *Sperandeo v. Milk Drivers and Dairy Employees Local Union No. 537*, 334 F.2d 381, 384 (10th Cir.). Ordinarily, however, discovery is not the state of litigation at which a party identifies its prospective witnesses. *Brennan v. Engineered Products, Inc.*, 506 F.2d 299, 303 n. 2 (8th Cir.); *Wirtz v. Continental Finance & Loan Co.*, 326 F.2d 561, 564 (5th Cir.). The Federal Rules of Civil Procedure specify the pretrial conference as the appropriate occasion on which to identify witnesses. Fed.R.Civ.P. 16(c)(5). The local rules for the District of Kansas likewise direct that "[p]rovision shall be made for the exchange and filing of lists of witnesses to be called at trial" at the "final pretrial conference," at which time "[o]rdinarily discovery shall have been completed." D.Kan.Rule of Practice 213. We do not imply that a district court is powerless to compel the production of a witness list during discovery, for such an approach may be necessary to the efficient disposition of a complex case or for other

reasons. *See Hardy v. Johns–Manville Sales Corp.*, 681 F.2d 334, 352 (5th Cir.) (suggesting the exchange of witness lists in complex asbestos litigation sixty days or more before commencement of trial). In any event, the court must require the moving party to show a particular need for that deviation. Much discretion is vested in the trial courts to provide for the variations made necessary by the unusual nature of the case or other unusual circumstances impacting the court's docket.

■■ In this routine and uncomplicated case, the defendant R.J. Auto Parts failed to demonstrate the barest need for a list of the Secretary's prospective witnesses at the hearing on its motion to compel. Counsel for defendant merely stated that the Secretary's response to the interrogatories left him "with no idea as to what their case is, and that is really what discovery is all about." The Secretary specified twelve current or former employees of the defendant who were alleged to be due back wages, and provided the defendant a copy of the narrative report prepared by the compliance officer who initially handled the case.

*Usery v. Ritter*, 547 F.2d 528 (10th Cir.), involved a civil action charging violations of the equal pay provisions of the FLSA. The trial court issued early in discovery what is styled a "pre-trial order" compelling the Secretary of Labor to identify those employees of the defendant who provided information to the Secretary, and to provide the defendant copies of any information or statements taken from those employees in the possession of the Secretary. 547 F.2d at 530. In ordering the trial court to vacate the order to compel answers, we observed, 547 F.2d at 531, that:

"The so-called pre-trial order was preliminary and recognized that the parties 'anticipate extensive discovery.' The government has said that it will furnish a list of its witnesses at an appropriate time. The record contains no showing by defendants of their need, or the reasons for their need, of the disclosure of the identity of the informants. The defend-

ants know the job classifications, the pay rolls, and the type of work done by each employee. The government has specified individuals, classifications, and types of machines which it deems pertinent to its case.

"The request of the defendants is made in connection with discovery.... Orderly trial procedure requires that in due time the government must list its witnesses. We have not yet reached that stage in the proceedings."

Again, as in *Usery v. Ritter*, the defendant has failed to demonstrate any need for the information it seeks, and the trial court was not justified in deviating from standard trial procedure by requiring the premature identification of witnesses. The court did not itself indicate that the case presented any unusual problems to require disclosure before a bona fide pretrial conference.

Wherefore, the judgment of dismissal and award of attorney's fees and litigation expenses is REVERSED and the case is REMANDED for further proceedings not inconsistent with this opinion.