907 F.2d 115
 29 Wage & Hour Cas. (BN 1440, 114 Lab.Cas. P 35,308
 William E. BROCK, Secretary of Labor, United States
Department of Labor, Plaintiff-Appellant,
v.
GINGERBREAD HOUSE, INC., Patricia Jo Stone and James Stone,
Defendants-Appellees/Third Party Plaintiffs,
v.
Vicki BLATCHLEY and Beth Nelson, Third Party Defendants.
 No. 85-2021.
 United States Court of Appeals,
Tenth Circuit.
 Oct. 18, 1989.
 
 Lauriston H. Long, Atty. (George R. Salem, Sol., Monica Gallagher, Associate Sol. and Linda Jan S. Pack, Counsel for Appellate Litigation, Dept. of Labor, with her on the brief), Washington, D.C., for plaintiff-appellant.
 Thomas H. Melton, Denver, Colo., for defendants-appellees/third party plaintiffs.
 Before HOLLOWAY, Chief Judge, and McWILLIAMS and BRORBY, Circuit Judges.
 HOLLOWAY, Chief Judge.
 
 
 1
 The Secretary appeals the dismissal of his action against Gingerbread House, Inc. (Gingerbread), Patricia Jo Stone and James Z. Stone which charged Gingerbread with violating the provisions of the Fair Labor Standards Act (FLSA), 29 U.S.C. Sec. 201 et seq., Donovan v. Gingerbread House, Inc., 106 F.R.D. 57 (10th Cir.1985). The Secretary of Labor (Secretary) charged that the defendants violated sections 15(a)(2), 15(a)(3) and 15(a)(5) of the FLSA and seeks recovery of the overtime compensation owed to the defendants' employees and liquidated damages pursuant to Sec. 16(c) of the Act.
 
 
 2
 During discovery, the district court denied the Secretary's motion for a protective order and ordered the Secretary to provide the defendants with certain employee interview statements taken during the investigation and prior to the bringing of this suit. The Secretary furnished all but two statements but refused to comply and withheld the statements of two employee informants who did not consent to be identified. The district court then ordered dismissal of the action as a sanction under Rule 37(b)(2)(A), Fed.R.Civ.P.
 
 
 3
 The defendants filed a third party complaint against four former company employees. That complaint alleges that two of those employees--Blatchley and Nelson--breached a fiduciary duty to Gingerbread as assistant directors by intentionally permitting certain employees to work in excess of normal working hours, and otherwise. The Secretary and the third-party defendants moved to dismiss the third-party complaint. The motion was treated as a motion for summary judgment because of the filing of affidavits, and denied. The Secretary argues here, as below, that the defendants should be precluded from litigating the third-party complaint against the employees named in the Secretary's complaint on the ground that the third-party proceeding constitutes unlawful discriminatory and retaliatory conduct, prohibited by the FSLA. Thus reversal of the denial of summary judgment is sought by the Secretary also.
 
 
 4
 * The Secretary argues that the information withheld is protected from discovery by the Government's privilege to withhold the identity of persons providing information respecting the violation of federal laws, citing our opinion to this effect in Usery v. Ritter, 547 F.2d 528, 529 (10th Cir.1977), inter alia. Moreover, according to the Secretary the defendants failed to show a substantial need for the information, or to demonstrate that they were unable to obtain the substantial equivalent of it by other means.
 
 
 5
 We faced a similar issue also in Brock v. R.J. Auto Parts and Service, Inc., 864 F.2d 677 (10th Cir.1988). We held that in the absence of a showing of substantial need in this discovery stage, the court erred in requiring "the premature identification and designation of trial witnesses" and reversed. 864 F.2d at 678; see also Usery v. Local Union 720, Laborers' International Union of North America, AFL-CIO, 547 F.2d 525, 528 (10th Cir.), cert. denied, 431 U.S. 938, 97 S.Ct. 2649, 53 L.Ed.2d 255 (1977) (extraordinary circumstances required to override qualified privilege of informants during preliminary proceedings not determinative of the merits); Usery v. Ritter, 547 F.2d 528, 531 (10th Cir.1977) (insufficient need shown for overriding qualified privilege where defendant knows job classifications, payrolls, and type of work done by employees). Here, we also find a lack of a substantial showing to overcome the qualified privilege at the time these statements were demanded. As noted in Brock, the pre-trial conference is the appropriate occasion generally for identification of witnesses. 864 F.2d at 679.
 
 
 6
 The district court reasoned here that the withheld information should be produced when ordered because of its relationship to Gingerbread's defense and Stones' defense. These defendants argue that any noncompliance with the FLSA resulted from the failure of identified employees to perform fiduciary duties as officers and directors of the corporation. These employees were impleaded in the third-party complaint in which the principal defendants claimed that the employees worked overtime, allowed other employees to work overtime, and made improper entries in the work records, all in disobedience to the defendants' instructions.[1]
 
 
 7
 This defense theory does not serve to override the qualified privilege provided to protect employees who cooperate with the Department of Labor in investigations about FLSA violations. The defendants lack only statements from two employees who withheld their consent to be identified. Otherwise the defendants have all other statements by employees. Presumably the defendants would know or have access to information relevant to the employment terms and authority which they delegated when they hired all their employees. Balancing the qualified privilege of the Government against the weak showing which the defendants made for disregard of the privilege, we are persuaded that the trial court abused its discretion in entering the dismissal order, in light of the rationale of our opinions in Brock v. R.J. Auto Parts, & Service, Inc., Usery v. Local Union 720, and Usery v. Ritter.
 
 
 8
 Accordingly we hold that the discovery order and sanction were an abuse of discretion and are in error in these circumstances.
 
 II
 
 9
 The district court denied the motion of the Secretary and the third-party defendants to dismiss the third party complaint against the company's employees, treating it as a motion for summary judgment. The motion argued that the third party complaint constituted an unlawful discriminatory and retaliatory proceeding against the four employees named in the Secretary's complaint. The Secretary appeals the denial of summary judgment and the refusal to dismiss the third party complaint of the defendants.
 
 
 10
 Under the general rule in such cases, we do not decide this issue which is premised only on the unappealable denial of a summary judgment motion. Medical Development Corp. v. Industrial Molding Corporation, 479 F.2d 345, 349 (10th Cir.1973); see generally 6 J.W. Moore, Moore's Federal Practice p 56.21 (2d ed. 1988). We express no opinion on the merits of the third party complaint or the Secretary's position that such a complaint should be dismissed as an unlawful and discriminatory proceeding.
 
 III
 
 11
 The judgment of dismissal of the Secretary's action is REVERSED and the case is REMANDED for further proceedings in accord with this opinion.
 
 
 
 [1]
 The four identified employees are no longer employed by the defendants. Former employee Elizabeth Nelson was discharged after the Secretary filed this action. This discharge is a ground for the Secretary's claim of discriminatory and retaliatory conduct by the defendants