TURBON PRODUCTS, INC., PLAINTIFF *v.* UNITED STATES, DEFENDANT

Court No. 89–06–00325

(Dated May 15, 1992)

*Stein, Shostak, Shostak & O'Hara, (Robert Glenn White)* for plaintiff.
*Stuart M. Gerson,* Assistant Attorney General; *Joseph I. Liebman,* Attorney in Charge, International Trade Field Office, Commercial Litigation Branch, Civil Division, U.S. Department of Justice *(James A. Curley)* for defendant.

### MEMORANDUM OPINION AND ORDER

MUSGRAVE, *Judge:* This case is a classification dispute concerning plastic cartridges intended for use in typewriters, imported from 1985 through 1987. Plaintiff moves to compel answers to interrogatories

which would identify defendant's intended trial witnesses. Plaintiff argues that if the witnesses names are not produced before the scheduled end of discovery on May 15,1992, it will be unable to effectively prepare for trial. Plaintiff further argues that it may be forced to name rebuttal witnesses in the pretrial order, without knowing whose testimony whose witnesses will be rebutting.

The government objects that the witness list calls for information developed as a result of defendant's preparation for trial, and that the selection of witnesses is an attorney's work product and therefore protected from discovery. *Miller v. United States*, 192 F. Supp. 218, 221 (D. Del. 1361). Also, defendant argues, witness lists should not be disclosed because an identified witness, if not called, might require the party to explain away the failure to call an announced witness. *Fidelis Fisheries, Ltd. v. Thorden*, 12 F.R.D. 179, 180–81 (S.D.N.Y. 1952). This argument fails to consider that this case will be tried without a jury. The Court is certainly able to understand that a party may decide in the course of a trial that it need not call all its witnesses.

Defendant's reasons for not disclosing the names of witnesses to be called at trial are unconvincing in the circumstances of this case. The *Miller* case involved a wrongful death tort action arising from an aircraft accident. *Miller*, 192 F. Supp. at 219. *Miller* is distinguishable because plaintiff is asking that the witness list be provided only 18 days before the government must submit it as part of the proposed pretrial order. This is not a case where plaintiff is interested in probing the possible defenses which might be brought to defend a wrongful death suit. The issues are clear in this case, and what remains is primarily a factual dispute over the proper classification of goods.

Several of the cases listed by defendant in its opposition to the motion to compel are factually distinguishable from the classification dispute before the Court. *Wirtz v. B.A.C. Steel*, 312 F.2d 14 (4th Cir. 1962) was a Fair Labor Standards Act case, where the names of informants were protected under the "informer's privilege." *Wirtz*, 312 F.2d at 15.

> Although the privilege is not absolute, the defendants have shown no special circumstance which would justify withdrawing the qualified privilege from the government. This is particularly true of this type of case. The average employee involved in this type of action is keenly aware of his dependence upon his employer's good will, not only to hold his job but also for the necessary job references essential to employment elsewhere. Only by preserving their anonymity can the government obtain the information necessary to implement the law properly. Mitchell v. Roma, supra; 8 Wigmore, Evidence § 2374 (McNaughton rev. 1961).

*Wirtz*, 312 F.2d at 15.

In this case, there is no issue of protection of witnesses from possible recriminations. Furthermore, *Wirtz* later states that

> "[w]hatever may be the rights of a party to require its adversary to disclose the names of his witnesses *in a pretrial hearing which takes place in contemplation of a trial at a specified time in the near fu-*

*ture*, we do not interpret the Code as requiring in general such a disclosure at the discovery stages of litigation."

*Wirtz*, 312 F.2d at 16 (emphasis added).

This statement, relied on by the government, reveals the fundamental weakness of the government's argument. Trial is set in this case for June 6, 1992. Discovery is to be ended on May 15, 1992. This is clearly not a case where plaintiff is on a fishing expedition, trying to use defendant's pretrial work to reduce its own workload. Plaintiff is simply attempting to marshall information when trial is imminent, so as to be able to effectively rebut the testimony of defendant's witnesses.

Another case cited by the government, *Brock v. R.J. Auto Parts & Service*, 864 F.2d 677 (10th Cir. 1988), also a Fair Labor Standards case, found that the requesting party "failed to demonstrate the barest need for a list of the Secretary's prospective witnesses * * *." *Brock*, 864 F.2d at 679. The *Brock* court explicitly states that:

> We do not imply that a district court is powerless to compel the production of a witness list during discovery, for such an approach may be necessary to the efficient disposition of a complex case or for other reasons.

*Id*. *Brock* notes that the government in that case agreed to provide a witness list "at an appropriate time." *Brock*, 864 F.2d at 679. The government has agreed to do so in this case just a few weeks after plaintiff has requested they produce the list. The Court fails to see the harm to the government in producing the witness list at this time.

The other cases cited by the government are either outdated, inapplicable, or factually distinguishable. *Reddick v. White Consolidated Indus., Inc.*, 295 F. Supp. 243 (S.D. Ga. 1968), addressed discovery of a witness list in a single paragraph, noting that the defendant had already disclosed all persons with relevant knowledge.

Plaintiff has convinced the Court that disclosure of the government's witness list only a few weeks before trial would not unduly prejudice the government, nor give plaintiff an unfair advantage. The government has failed to convince the Court that its "work product" would be jeopardized by disclosure.

The government is hereby ordered to disclose and send, via facsimile, answers to the interrogatories as demanded by plaintiff, by 5:00 p.m. EST on May 15, 1992.