CECIL KING D/B/A TWIN REAL ESTATE COMPANY v. GEORGE KOUCOULIOTES

No. 9226SC16

(Filed 2 February 1993)

1. **Rules of Civil Procedure § 26 (NCI3d)— trial witnesses and exhibits not revealed at deposition—matters not discoverable at deposition**

Trial witnesses and trial exhibits are not discoverable under the provisions of N.C.R. Civ. P. 26; therefore, defendant's failure to provide such information at deposition could not preclude him from presenting witnesses and exhibits at the trial.

**Am Jur 2d, Depositions and Discovery § 36.**

**Identity of witnesses whom adverse party plans to call to testify at civil trial, as subject of pretrial discovery. 19 ALR3d 1114.**

2. **Trial § 38.1 (NCI3d)— request for jury instructions—instructions not given—instructions pertaining to issues not reached by jury**

The trial court did not err in failing to give seven jury instructions sought by plaintiff, since those instructions related only to issues which the jury never reached.

**Am Jur 2d, Trial § 1093.**

3. **Unfair Competition § 1 (NCI3d)— entrapment to pay real estate commission—directed verdict on unfair and deceptive trade practices claim proper**

The trial court properly granted a directed verdict for plaintiff on defendant's counterclaim for unfair and deceptive

trade practices allegedly based on plaintiff's designing of a plan to entrap defendant into paying a real estate commission where none was due.

**Am Jur 2d, Monopolies, Restraints of Trade, and Unfair Trade Practices §§ 696 et seq.**

Appeal by plaintiff and cross-appeal by defendant from judgment filed 25 September 1991 in Mecklenburg County Superior Court by Judge Beverly T. Beal. Heard in the Court of Appeals 8 December 1992.

*Newitt & Bruny, by John G. Newitt, Jr. and Roger H. Bruny, for plaintiff-appellant/appellee.*

*Eugene C. Hicks, III, for defendant-appellee/appellant.*

GREENE, Judge.

Plaintiff appeals from the entry of judgment based on a jury verdict denying a claim for real estate commissions. Defendant cross-appeals from the entry of a directed verdict denying his counterclaim for unfair and deceptive trade practices.

Prior to trial, plaintiff's attorney took the deposition of defendant. The deposition was taken on 31 October 1990, and the trial was conducted at a 16 September 1991 session of superior court. During the deposition, the plaintiff's attorney tendered to the defendant the following questions and received the following answers:

Q. . . . . Who are your witnesses at the trial of this case going to be?

A. Witnesses? We don't have any witnesses, of course, you know. Just—really just my television set, of course, was in there, in my place. . . . I don't have any, I mean any witnesses, you know.

Q. Okay. Do you have any documents or exhibits that you might be interested in introducing at trial?

A. No. Just—only just what we're doing here. You know, nothing else.

. At trial defendant sought to introduce the testimony of Nick J. Miller (Miller), the attorney who represented defendant in the

**KING v. KOUCOULIOTES**

[108 N.C. App. 751 (1993)]

leasing of his property. Defendant also sought to introduce as exhibits a photograph of the Hardee's built on defendant's leased property, a photograph of the site taken before the Hardee's was built, and an artist's rendition of a strip mall defendant had originally planned to build on the site before the negotiations with Hardee's were undertaken. Plaintiff objected to the introduction of both the testimony and the exhibits. The trial court overruled the objections and allowed both the testimony and the introduction of the exhibits.

The plaintiff's trial evidence tended to show that he was a licensed real estate broker and that he contacted the defendant about the possibility of leasing or selling some property owned by the defendant. On 25 March 1988, plaintiff wrote defendant a letter outlining a possible lease of the property to Burger King and defendant subsequently gave plaintiff authority to submit a lease proposal to Burger King. Burger King rejected the offer on 28 March 1988. Defendant decided to make a proposal to Hardee's, and it was agreed that plaintiff would assist defendant in the negotiations, and if a lease was signed, plaintiff would be entitled to his full commission. On 6 September 1988, defendant and Hardee's did sign a lease.

The defendant's evidence tended to show that he did allow plaintiff to seek a lease agreement with Burger King and was agreeable to paying a six-percent commission to plaintiff if such a lease were signed. He did not, however, agree to pay plaintiff any commission for any assistance in obtaining the lease from Hardee's and understood that any assistance provided by plaintiff was a "favor."

On the counterclaim for unfair and deceptive trade practices, the evidence tended to show that plaintiff, without defendant's permission or knowledge, on 24 March 1988, wrote to Hardee's and informed them of the availability of the defendant's land at a lease payment of $2,500 per month. Hardee's rejected the offer from plaintiff. Other relevant evidence was that plaintiff had been in seven other law suits relating to the collection of real estate commissions where he did not have a written agreement with the land owner regarding the commission.

At the close of all the evidence, the trial court directed a verdict for the plaintiff on defendant's counterclaim. At the instruction conference, plaintiff requested the trial court give the jury

eight special instructions. The first of the proposed instructions stated that the contract between broker and owner need not be in writing in order to be valid. The other seven instructions concerned when a broker under valid contract with an owner would be entitled to collect a commission. Defendant objected to the last seven instructions on the grounds that they assumed the existence of a contract and that there was a genuine dispute as to the existence of a contract. In response, plaintiff suggested a prefatory statement to each of the seven instructions, to the effect that the instructions need be considered only if the jury answered the first issue in favor of the plaintiff, thereby finding the existence of a contract. The trial court agreed to give the first instruction, but denied the request for the remaining seven instructions.

The following three issues were submitted to the jury:

1. Did the defendant enter into an express oral contract for payment of real estate commission to the plaintiff?

. . . .

2. If so, did defendant breach said contract?

. . . .

3. If so, what amount, if any, is plaintiff entitled to recover from the defendant for the breach of said contract?

. . . .

The jury found that no contract existed and the trial court entered judgment on the verdict denying plaintiff any relief upon the complaint.

Plaintiff contends that the trial court erred in allowing Miller to testify and in allowing the introduction of defendant's exhibits because defendant stated in his deposition that he had no witnesses or exhibits for trial and these incorrect responses were never supplemented or amended. Plaintiff also contends that the trial court erred in failing to include his seven proposed special instructions in the jury charge. Defendant contends that the trial court should not have directed a verdict for the plaintiff on his counterclaim for unfair and deceptive trade practices.

_____

The issues presented are whether (I) trial witnesses and trial exhibits are discoverable under the provisions of N.C. R. Civ. P.

26; (II) the trial court's failure to give the requested jury instructions was prejudicial error; and (III) the trial court properly granted a directed verdict for the plaintiff on defendant's counterclaim for unfair and deceptive trade practices.

I

[1] The recognized primary purpose of discovery "is to facilitate the disclosure prior to trial of any unprivileged information that is relevant and material to the lawsuit so as to permit the narrowing and sharpening of the basic issues and facts that will require trial." *Bumgarner v. Reneau*, 332 N.C. 624, 628, 422 S.E.2d 686, 688-89 (1992). Specifically, a party can discover, provided it is not privileged, through any accepted method of discovery, "the existence, description, nature, custody, condition and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter." N.C.G.S. § 1A-1, Rule 26(b)(1) (1990). Therefore, Rule 26 requires the disclosure of all persons " 'having knowledge of [some] discoverable matter' . . . ." 4 James W. Moore et al., *Moore's Federal Practice*, ¶ 26.57[4], at 26-172 (2d ed. 1991) [hereinafter *Moore*] (quoting Fed. R. Civ. P. 26(b) ). However, with the exception of expert trial witnesses, whose identities are discoverable under the provisions of Rule 26(b)(4), "a party is not entitled to find out, by discovery, which witnesses his opponent intends to call at the trial . . . ." 8 Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure*, § 2013, at 106 (1970) [hereinafter *Wright & Miller*]; *Moore*, ¶ 26.57[4], at 26-173 (discovery rules do not require a party to identify before trial the witnesses it plans to call); *see also Brock v. R.J. Auto Parts and Serv., Inc.*, 864 F.2d 677, 679 (10th Cir. 1988) ("discovery is not the state of litigation at which a party identifies its prospective witnesses"); *Wirtz v. B.A.C. Steel Prods., Inc.*, 312 F.2d 14, 16 (4th Cir. 1962). Similarly, a listing of the documents and exhibits a party opponent intends to present at the trial is not discoverable under Rule 26. *See Wright & Miller*, § 2012, at 98 ("courts have drawn a distinction between learning that a document exists and learning that it will be used [at trial] and have refused to allow the latter"). Instead, the names of witnesses and lists of exhibits a party opponent intends to use at trial are obtainable through the pretrial conference. N.C.G.S. § 1A-1, Rule 16 (1990); N.C. Gen. Prac. R. 7 (1992) (providing for disclosure of witnesses and exhibits at pretrial conference). Nonetheless, if the party requesting the names of trial witnesses and the list of trial

exhibits can show a particular need for a deviation from this general rule of nondiscoverability, the trial court may, within its discretion, require such production through discovery and in advance of the pretrial conference. *See Brock*, 864 F.2d at 679 (allowing deviation if case is particularly complex).

In this case, the plaintiff in a deposition specifically requested from defendant the names of his trial witnesses and a list of his trial exhibits. Plaintiff has made no showing that he had a special need for the defendant's list of witnesses and exhibits ten months prior to the trial. Accordingly, the information sought was not discoverable and defendant's failure to provide such information cannot preclude him from presenting witnesses and exhibits at the trial. *See* N.C.G.S. § 1A-1, Rule 37(b)(2)(b) (1990) (judge may prohibit party disobeying discovery order from presenting evidence). Therefore, the trial court did not err in permitting the defendant to call Miller as a witness and to introduce into evidence the photographs and diagram at issue.

II

[2] Assuming that the seven jury instructions sought by the plaintiff should have been given by the trial court, there was nonetheless no prejudicial error. The plaintiff correctly concedes that the omitted instructions relate only to issues two and three, in that they assume the existence of a contract. The jury determined that there was no contract and therefore issues two and three were not reached. Thus, there is no reason to believe that a different outcome would have occurred had the alleged correct instructions been given. *See Gregory v. Lynch*, 271 N.C. 198, 203, 155 S.E.2d 488, 492 (1967).

III

[3] Defendant's counterclaim for unfair and deceptive trade practices is based, so argues the defendant, on the fact that plaintiff designed a plan to entrap defendant into paying a real estate commission where none was due. Assuming that, if true, this theory would be an unfair and deceptive trade practice, there is not substantial evidence in the record, considered in the light most favorable to the defendant, to support this theory. *See Garrett v. Overman*, 103 N.C. App. 259, 262, 404 S.E.2d 882, 884, *disc. rev. denied*, 329 N.C. 787, 408 S.E.2d 519 (1991) (directed verdict proper where no substantial evidence to support claim). Accordingly, the trial

**LINDLER v. DUPLIN COUNTY BD. OF EDUCATION**

[108 N.C. App. 757 (1993)]

court was correct in directing a verdict for the plaintiff on this claim.

No error.

Judges COZORT and WYNN concur.